EDMUND L. ROSS, COLLECTOR OF THE COUNTY OF CAPE MAY, RELATOR, v. HENRY H. WALTON, COLLECTOR OF TAXES OF THE BOROUGH OF SOUTH CAPE MAY.

Submitted November 2, 1898—Decided June 12, 1899.

1. Under the laws applicable to the borough of South Cape May, the collector of taxes thereof is bound to pay to the county collector of the county of Cape May, out of the first moneys collected, from all sources of general taxation in said borough, the county taxes apportioned against said borough.

2. It is no excuse for non-payment if sufficient amount from all the sources of the general taxation has been collected by the collector of taxes of the borough to make such payment, that the assessments of particular individuals have been reduced by the local board of appeals in cases of taxation, or by the state board of taxation, and the deficiency so made must be borne by the borough, and the county taxes remain as a primary obligation to be discharged by the payment to the county collector of all taxes as collected.

3. Where the collector of taxes of any township, city or borough has made default in the payment of such taxes as he has collected to the county collector, he will be chargeable with interest, from the time of such delinquency as provided by the statute.

---

On rule to show cause why a peremptory or alternative writ of *mandamus* should not issue.

Before Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the relator, *Howard Carrow.*

For the defendant, *David J. Pancoast.*

The opinion of the court was delivered by

LIPPINCOTT, J.    The facts show that for the year 1895 there was apportioned and levied against the borough of South

Cape May, in the county of Cape May, the sum of $481.04, as county taxes, and for the year 1896, the sum of $485.64. These sums are shown to have been apportioned against that borough for county taxes for these years, by the abstracts of the board of county assessors, and the apportionment duly certified to the assessing authorities of the borough. These apportionments of county taxes were duly assessed by the borough assessor on the real and personal property taxable in said borough. For the years 1895 and 1896 each, the defendant, the collector of the borough, collected about $1,400 of taxes, exclusive of state school tax. The state school tax due the state was paid to the county collector, and the school tax due from the state was, through the county collector, paid to the borough, but the borough collector has paid for these years no part of the county tax so apportioned to the borough, to be assessed and paid for these years to the relator, the county collector, and this proceeding is for a peremptory *mandamus* to compel such payment. These facts fully appear in the evidence taken on this rule, and are undisputed.

No evidence was taken by the defendant. It does not appear that the apportionments of county taxes were incorrect or unlawful in any sense. The borough has never contested them, and there is no dispute but that the amounts are payable to the county collector.

The only excuse for the non-payment to the county collector by the borough collector is that in 1897, upon some sort of an appeal to the state board of taxation, they reduced the assessment made by the borough assessor upon certain properties in the borough, it is said, to the amount of about $50,000. There is a general statement to this effect made by the township collector in his evidence, but no details whatever of such reduction was given, and as a fact it must be true that even if this reduction was made, that a very large part of these county taxes have been collected by the borough collector, and by him unaccounted for and unpaid to the county collector. To compel the payment of these taxes there can be no dispute that a *mandamus* would issue in any event, but

to the demand of the relator, as county collector, the defendant, as borough collector, gives no data whatever showing how much of these county taxes were actually collected. There appears to have been an almost absolute indifference of the borough authorities to the demand for the payment of the county taxes.

But if it be conceded that a reduction of particular assessments on particular properties was made to the amount named, it furnishes no reason why the county taxes should not be paid. It is undisputed that of the taxes assessed in that borough for these years, for local and county purposes, there has been collected by the borough collector more than three times enough to make payment of the county taxes. This is conceded in the evidence of the borough collector.

The statute of this state (*Gen. Stat., p.* 3285, § 24) provides: " That it shall be the duty of the collectors of the township, cities or wards in this state, out of the first moneys which shall be collected by them, to pay to the county collector of the county in which they hold their offices, the state and county taxes required to be assessed by the several townships, cities and wards, at the time required by law to pay the same."

Under the borough laws, the collector of taxes for boroughs have imposed upon them the same duties in relation to the collection of taxes and the payment to the county collector of state and county taxes, as are imposed upon collectors in townships and cities. *Gen. Stat., p.* 191, § 67 ; *Id., p.* 196, §§ 104, 105, 106, 107. All the statutes, either general or special for the creation and government of boroughs, contain similar provisions wherever the borough is clothed with taxing powers and duties, independent of the township of which the borough was formerly a part. No statute to the contrary has been cited by counsel in the cause.

It will be seen that it has become a part of the statutory policy of this state that out of the first moneys arising from general taxation, the state and county taxes should be paid. The public reasons for this policy are entirely obvious, and without its existence it might be found in many instances difficult to

successfully conduct the state and county governments. They are, as at present constituted, possessed of no machinery save through the officers of the different municipalities of levying and collecting taxes. The appropriations for county taxes are made by the boards of chosen freeholders, and the apportionment among the various municipalities in the county and the duties of assessing, collecting and payment over to the county collector are imposed upon the municipalities according to the statute.

No excuse for failure to perform the duty imposed by statute can avail if the local collector has received from the general taxation in the municipality sufficient to pay such county taxes. They must be paid as fast as collected, as the law appropriates all the moneys collected until they are all paid and until the primary obligation to the county is discharged, and no duty whatever rests upon the collector of taxes to otherwise disburse these moneys to the treasurer of the borough upon the order of the council thereof. *Dugan* v. *Jersey City*, 21 *Vroom* 359 ; *Pierson* v. *Douglass*, 4 *Id.* 363 ; *Bayonne* v. *Kingsland*, 12 *Id.* 368.

The fact that some of the particular assessments have been reduced by either the municipal board of appeals or the state board of taxation cannot avail as an excuse for non-payment, in whole, or part, to the county collector. It will be perceived that the state policy embodied in the statute is to give the first fruits of taxation to the state and county in derogation to the claims of the townships and cities. This adjustment was necessary in order to exempt the state and counties from bearing any part of the loss annually sustained from the deficit occurring in the collection of the taxes ; the sum collected invariably falling below the sum assessed, such deficiency was to be the loss of the local municipalities. *Bayonne* v. *Kingsland*, 12 *Vroom* 368 (*Court of Errors and Appeals*). This policy is further illustrated by section 23 of the act concerning taxes. *Gen. Stat., p.* 3285. An illegality of appropriation made by the board of chosen freeholders, to be raised on county tax, will not avail in defence of payment

of the apportionment to the county collector; nor if the collection of taxes had been squandered, wasted or misapplied, still the liability existed to make good the deficiency to the county. *Shields* v. *Paterson*, 26 *Vroom* 495; *Veghte* v. *Township of Bernard*, 13 *Id.* 338. See, also, cases *Jones* v. *Huston et al.*, 19 *L. J.* 280; *Gabler* v. *Elizabeth*, 13 *Vroom* 79; *Water Commissioners* v. *Brewster*, *Id.* 125.

It is clear that the amount of county taxes named for the years stated was collected by the borough collector at and before the time when they were payable to the county collector, and are still due from the borough collector and unpaid, and the county collector is therefore entitled to interest on these amounts from the time they were payable to the county collector or under the statute. That is the time when the defendant ought to have paid them, as collected. When he had the money in hand, and he, without legal excuse, delayed payment, he is chargeable with interest. *Sheridan* v. *Van Winkle*, 14 *Vroom* 125; *Sheridan* v. *Stevenson*, 15 *Id.* 371.

The legal right in this matter is clear, and therefore a peremptory writ of *mandamus* to the defendant compelling the payment of these taxes is awarded, with costs.