WILLIAM E. TREWIN, COUNTY COLLECTOR OF THE COUNTY OF HUNTERDON, RELATOR, v. PETER S. SHURTS, COLLECTOR OF TAXES OF THE BOROUGH OF JUNCTION, AND THE COMMON COUNCIL OF THE BOROUGH OF JUNCTION, RESPONDENTS.

Argued February 1, 1907—Decided February 16, 1907.

1. Section 41 of the act approved April 8th, 1903 (*Pamph. L.*, *p.* 420), makes it the duty of a borough collector of taxes, on or before the twenty-second day of December, in each year, out of the first money collected, to pay to the county collector the state and county taxes required to be assessed in his taxing district.

2. A peremptory *mandamus* will issue for the payment of state and county taxes by a borough where it has collected sufficient moneys for borough, county and state purposes to pay such state and county taxes.

3. The fact that the legality of certain assessments of taxes by the borough is under review by *certiorari* proceedings in this court is no defence on an application for *mandamus* to compel the borough to pay over the state and county taxes.

4. The fact that section 63 of the act of 1903 (*Pamph. L.*, *p.* 435) provides that "an action may be maintained by the county collector against any taxing district to recover taxes due from the taxing district" does not exclude the remedy by *mandamus* against the taxing district to compel payment out of "the first money collected."

On a rule to show cause why a writ of *mandamus* should not issue.

Before Justices REED and TRENCHARD.

For the relator, *Harry L. Slout.*

For the respondents, *Willard C. Parker.*

The opinion of the court was delivered by

TRENCHARD, J.   This is a rule to show cause why a writ of *mandamus* should not issue commanding Peter S. Shurts, collector of taxes of the borough of Junction, and the common council of the borough of Junction, the respondents, to

pay over all county and state school taxes levied upon the borough of Junction unto William E. Trewin, county collector of the county of Hunterdon, the relator.

From the evidence it appears that in the year 1905 the collector of the borough of Junction added to the borough assessor's list of taxes an assessment of $300,000 upon coal in storage in the borough and belonging to the Lehigh and Wilkesbarre Coal Company. That company took a *certiorari* of that assessment to this court, alleging that the coal was simply in transit in interstate commerce, and hence not liable to taxation. The *certiorari* is now pending in this court. In 1906 the borough assessor made no assessment upon the said coal company's coal, but the county board of taxation added to his assessment $300,000 for the coal company's coal in storage in the borough. The coal company refused to pay the tax on that $300,000, and the borough collector is awaiting the decision of this court in the *certiorari* proceedings, to ascertain whether that coal is taxable and the tax collectible. The collector sent to the county collector the tax due the county and the state school fund on all the assessed property in the borough for the year 1906, except only on this $300,000, the taxable character of which is now in litigation. The county collector refused to receive any payment that did not include the county and state school tax on that $300,000, and has brought this proceeding to enforce the immediate payment of the entire amount of the county and state school fund assessments in the borough of Junction.

It is conceded that the sole question is whether, under such circumstances, the writ of *mandamus* should be granted.

Section 41 of an act of the legislature entitled "An act for the assessment and collection of taxes," approved April 8th, 1903 (*Pamph. L., p.* 430), provides, among other things, that "it shall be the duty of the collector or other officer having the custody of the collected taxes, on or before the twenty-second day of December in each year, out of the first money collected, to pay to the county collector of the county the state and county taxes required to be assessed in his taxing district."

The evidence shows, and it is admitted by the respondents, that the amount of state and county taxes required to be assessed against the borough of Junction was the sum of $4,115.29; that sufficient money has been collected to pay the same; that respondents have refused to pay the same, and that it has not been paid.

A peremptory *mandamus* will issue for the payment of state and county taxes by a borough where it has collected sufficient moneys for borough, county and state purposes to pay such state and county taxes. *Coe, Collector,* v. *Englewood,* 39 *Vroom* 559; *Ross* v. *Walton,* 34 *Id.* 435; *S. C., on error,* 38 *Id.* 688; *Shields* v. *Paterson,* 26 *Id.* 495.

The fact that the legality of certain assessments of taxes by the borough is under review by *certiorari* proceedings in this court is no defence on an application for *mandamus* to compel the borough to pay over the state and county taxes. *Coe, Collector,* v. *Englewood, supra; Ross* v. *Walton, supra; S. C.,* 38 *Vroom* 688; *Shields* v. *Paterson, supra; Hugg* v. *Camden,* 10 *Vroom* 620; *Herder* v. *Hunterdon,* 7 *Id.* 363.

The fact that section 63 of the act of 1903 (*Pamph. L., p.* 435) provides that "an action may be maintained by the county collector against any taxing district to recover taxes due from the taxing district" does not exclude the remedy by *mandamus.* The purpose and effect of the forty-first section is to require the borough collector to pay, "out of the first money collected," to the county collector, the state and county taxes. The county collector has no other or adequate remedy against "the first money collected" except by *mandamus,* and public policy demands that it should not be denied him. *Apgar* v. *Trustees of School District No. 4, &c.,* 5 *Vroom* 308.

A peremptory writ of *mandamus* should issue, with costs.