ROBERT S. TIPPING, COUNTY TREASURER OF THE COUNTY OF BERGEN IN THE STATE OF NEW JERSEY, RELATOR, v. WILLIAM L. DOUGHERTY, CITY TREASURER, JACOB NOONBURG, COLLECTOR, AND THE MAYOR AND CITY COUNCIL OF GARFIELD, IN THE COUNTY OF BERGEN, THE LATTER BEING THE GOVERNING BODY OF THE CITY OF GARFIELD, RESPONDENTS.

Submitted May 2, 1933—Decided December 5, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the relator, *Stanton T. Lawrence.*

For the respondents, *Richard J. Baker* (*William M. Seufert,* of counsel).

PER CURIAM.

The relator is the county treasurer of Bergen county, and he brings these proceedings on behalf of the county as such official charged under the statute with receiving and collecting the taxes from the several municipalities of the county. William A. Dougherty, as city treasurer, and the mayor and city council of Garfield constituting the governing body, are respondents. Garfield is a duly incorporated city. It has a population of approximately thirty-one thousand and an assessed valuation of $22,000,000. It is one of the seventy municipalities of the county.

In this application for *mandamus* to require the city treasurer to pay to the county treasurer the amount of state and

county taxes which the city treasurer has received and has not paid to the county treasurer, the pleadings and exhibits disclose the following undisputed facts:

For the year 1931 the county board of taxation assessed and apportioned the sum of $265,304.96 to be raised and paid by Garfield to the county, embracing state and county taxes. Likewise, for the year 1932, $273,706.25 was assessed and apportioned. Of the 1931 taxes Garfield paid $125,312.78 leaving a balance due of $139,992.18, which balance of 1931 taxes and all of the 1932 taxes are wholly unpaid, leaving a total sum due from the city to the county as state and county taxes of $413,698.43, together with interest thereon. During this time the city treasurer admits receipt of taxes for 1931 of $1,076,412.15, and for 1932 of $1,150,832.39, a total of $2,227,245.04, more than four times the amount of state and county taxes.

These facts are admitted by the respondents both in the argument and in the pleadings. Respondents' excuse for failure to pay, as set up in the return to the alternative writ, is that they are now without money due to present economic conditions in the city. They do not deny that such tax moneys were received but point out that they were paid out for interest on bonds, for the redemption of notes and bonds, and for payments into the sinking fund for the retirement of bonds falling due in the future. In respondents' return to the alternative writ appears the following:

"For the treasurer of the city of Garfield to cope with the situation in strict accordance with the various statutes, * * * he was forced to exercise in many instances his own discretion and judgment in the allocation of whatever moneys were received by him from the collector of taxes."

We think that the obvious answer to all that is this: The city treasurer clearly disregarded the ministerial duty imposed upon him by statute, to make payments of state and county taxes annually out of the first moneys received by him, and that he disregarded such duty by diverting the money to sinking funds and other purposes.

The right of the relator to a peremptory writ of *mandamus* is clear. See Tax act, chapter 236, laws of 1918, section

605, as amended by *Pamph. L.* 1924, *ch.* 215, and chapter 135 laws of 1899, sections 9 and 29. The pleadings disclose the undisputed fact that the city of Garfield "is a municipal corporation existing under and by virtue of chapter 135 of laws of 1899 entitled 'An act for the incorporation of cities, and providing for their officers, government and powers,'" section 29 whereof defines the duties of the city treasurer, as follows:

"He shall receive  *  *  *  all moneys belonging to or under the control of the city; he shall keep an accurate account of all receipts and payments in such manner as the council shall direct; no moneys shall be paid out of the treasury except on warrant signed by the mayor and attested by the city clerk, *excepting payments of state and county taxes, which the said treasurer is hereby required to make annually out of the first moneys received by him.*"

As seen the statute makes it an inflexible statutory duty upon the part of the city treasurer to pay out of the first moneys received by him, the state and county taxes. The duty is a ministerial one, and the duty to perform it in a definite way is clear, and the proper remedy to compel this statutory officer to comply with this statutory regulation is by *mandamus*. *O'Hanlon* v. *Calvert,* 88 *N. J. L.* 33; 95 *Atl. Rep.* 631.

All of which seems not to be denied by the respondents. They urge only that *mandamus* is a discretionary writ, that its award in this case would result in confusion and that respondents have no power to comply.

To that we must answer that taxes are an exaction, and failure of the city treasurer to pay the same when sufficient money has been collected, cannot be excused. *State Board of Assessors* v. *Central Railroad Co.,* 48 *N. J. L.* 146; 4 *Atl. Rep.* 578. The Court of Errors and Appeals, in *Bayonne* v. *Kingsland,* 41 *N. J. L.* 368, in considering a statutory provision similar to that in the act of 1899, declared the state policy to be to give the first fruits of taxation to the state and county, in derogation to the claims of townships and cities, because this adjustment is necessary in order to exempt the state and counties from bearing any part of the loss annually sustained by the deficit occurring in the collection of

taxes, the sum collected invariably falling below the sum assessed, and that such deficiency must be sustained exclusively by the local authorities to the exclusion of the state and county.

That case was followed by *Ross* v. *Walton*, 63 *N. J. L.* 435; 44 *Atl. Rep.* 430, affirmed by our Court of Errors and Appeals in 67 *N. J. L.* 688; 52 *Atl. Rep.* 1132, in a similar situation, and we think furnishes a complete answer (certainly as far as this court is concerned) to respondents' contention. Ross, as collector of Cape May county, sought *mandamus* against Walton, as collector of the borough of South Cape May. There the taxes amounted to about one-third of the moneys collected by the borough, and, as here, the borough authorities failed to comply with the demands for payment; and the court laid down the principle that:

"No excuse for failure to perform the duty imposed by statute can avail if the local collector has received from the general taxation in the municipality sufficient to pay such county taxes. They must be paid as fast as collected, as the law appropriates all the moneys collected until they are all paid and until the primary obligation to the county is discharged."

Therein the court held:

"The legal right in this matter is clear, and therefore a peremptory writ of *mandamus* to the defendant compelling the payment of these taxes is awarded."

The relator is entitled to judgment on the demurrer to the return to the alternative writ, and the peremptory writ sought must issue, with costs.