RICHARD W. BOOTH, COUNTY TREASURER OF THE COUNTY OF ESSEX, RELATOR, v. REGINALD PARNELL, DIRECTOR OF REVENUE AND FINANCE OF THE CITY OF NEWARK; MEYER C. ELLENSTEIN, MICHAEL DUFFY, REGINALD PARNELL, PEARCE R. FRANKLIN AND ANTHONY F. MINISI, COMMISSIONERS, CONSTI-TUTING THE BOARD OF COMMISSIONERS OF THE CITY OF NEWARK, THE GOVERNING BODY OF THE CITY OF NEWARK, RESPONDENTS.

Argued January 16, 1934—Decided April 6, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the relator, *Arthur T. Vanderbilt.*

For the respondents, *Frank A. Boettner* (*Thomas M. Kane,* of counsel).

PER CURIAM.

The relator, the county treasurer of the county of Essex, obtained a rule to show cause why a peremptory writ of *mandamus* should not issue to compel the designated officials and governing body of the city of Newark, in the county of Essex, to pay the state and county taxes then in default, to relator.

The essential facts of the petition filed herein are admitted. The amounts set forth in the petition as due and owing to petitioner are not disputed. It is conceded that the respondents have collected taxes in excess of the amount apportioned against them by the Essex county board of taxation for state and county taxes.

The only allegation of the petition that is seriously challenged is that it is the duty of the respondents to pay to relator the state and county taxes out of the first moneys received by them as and when they are due for payment.

Now under the system of taxation provided in "An act for the assessment and collection of taxes" (*Pamph. L.* 1918, ch. 236; 2 *Cum. Supp. Comp. Stat.,* p. 3483, &c., amended *Pamph. L.* 1933, *ch.* 182), it is the duty of the county board of taxation to assess the taxes for the county and apportion them among the various municipalities. The state taxes are also included in the assessment and are apportioned among the various municipalities by the Essex county board of taxation. Under the legislative scheme, as will be seen, the duty of collecting the county and state taxes is imposed

in the first instance upon the various municipalities. They in turn are under a duty to pay the state and county taxes to the county treasurer, who in turn is under a duty to pay the state taxes to the state treasurer. The apportionment for the first half year is due on June 15th of each year. The apportionment for the second half year and the state taxes are due on December 15th of each year. The county treasurer is under a duty to pay the state taxes to the state treasurer by December 20th of each year. And as will also be seen no discretion is granted the municipalities or the county officials with respect to the payment of these taxes. The duty to pay the same to the county treasurer on the dates mentioned is mandatory and no excuse for failure to pay is allowed by the statute. As will also be seen the statute provides that if there is not sufficient funds in the municipal treasury, the governing body is directed to borrow the money and pay the same.

Under these circumstances, it is clear that the right of relator to the writ of *mandamus* prayed for is clear under the Tax act of 1918.

The proper remedy to compel the performance of a ministerial duty imposed by statute is by *mandamus*. *State* v. *Elkinton*, 30 *N. J. L.* 335; *O'Hanlon* v. *Calvert*, 88 *Id.* 33; 95 *Atl. Rep.* 631; *Tipping* v. *Dougherty*, 11 *N. J. Mis. R.* 931; 169 *Atl. Rep.* 671.

Chapter 182 of the laws of 1933, which amends chapter 236 of the laws of 1918, and chapter 215 of the laws of 1924, provides, among other things, that:

"The governing body of each municipality shall cause to be paid to the county treasurer of the county one-half of the amount of county taxes required to be assessed and raised in such municipalities on or before the fifteenth day of June in each year; and on or before the fifteenth day of December shall cause to be paid to the county treasurer the remaining one-half of the county taxes, and also all of the taxes required to be assessed and raised by taxation in such taxing district for state school and other state purposes  *  *  *.  *  *  * It shall be the duty of the governing body of the municipality or the county to cause the county, local school and state

taxes to be paid as and when due for payment; if there shall not be funds enough in the treasury available for such payment, the governing body shall immediately borrow the money and pay such taxes."

Under this statutory provision, it is clear that the duty of the respondents in this proceeding to pay the state and county taxes to relator is purely a ministerial one, and the proper method for the county to enforce the collection of state and county taxes in default is by a writ of *mandamus*. *Bayonne* v. *State, Kingsland, pros.*, 41 *N. J. L.* 368; *Shields* v. *Paterson*, 55 *Id.* 495; 27 *Atl. Rep.* 803; *Ross* v. *Walton*, 63 *N. J. L.* 435; 44 *Atl. Rep.* 430; *affirmed*, 67 *N. J. L.* 688; 52 *Atl. Rep.* 1132; *Trewin* v. *Shurts*, 74 *N. J. L.* 200; 65 *Atl. Rep.* 984; *Tipping* v. *Dougherty, supra.*

In *Tipping* v. *Dougherly, supra,* the court said:

"The right of the relator to a peremptory writ of *mandamus* is clear. See Tax act, chapter 236, laws of 1918, section 605, as amended by chapter 215, *Pamph. L.* 1924, and chapter 135, laws of 1899, sections 9 and 29.   *   *   *.

"As seen the statute makes it an inffexible duty upon the part of the city treasurer to pay out of the first money received by him, the state and county taxes. The duty is a ministerial one, and the duty to perform it in a definite way is clear, and the proper remedy to compel this statutory officer to comply with this statutory regulation is by *mandamus*."

In all of the cases cited there was in the statutes under consideration a provision that the state and county taxes shall be paid to the county treasurer, out of the first moneys collected, and it was held that the legislative policy was that the first fruits of taxation be given to the state and county in derogation to the claims of the local municipalities. Thus Chief Justice Beasley said, in *Bayonne* v. *Kingsland, supra:*

"It will be perceived that the state policy embodied in this provision is to give the first fruits of taxation to the state and county, in derogation to the claims of the townships and cities. This adjustment was necessary in order to exempt the state and counties from bearing any part of

the loss annually sustained from the deficit occurring in the collection of the taxes, the sum collected invariably falling below the sum assessed. Such deficiency was to be the loss exclusively of the townships and cities."

In order to put the rights of the state and county to their taxes "as and when due" promptly and clearly beyond dispute, the legislature in the amendment of 1924 expressly provided that the governing body shall cause the same to be paid "as and when due," and carried that provision into the amendment of 1933, and further provided that the local authorities shall pay them out of any funds in the treasury, and if there is insufficient funds in the treasury, then the local authorities must "immediately" borrow a sufficient amount to pay these taxes to the county treasurer.

Applying this statute to the present case it is clear that it was the duty of the respondents to pay the state and county taxes rather than to use available moneys for other purposes.

The reason for this requirement is obvious. Since neither the state nor the county is given the power to collect these taxes directly from the taxpayer, it is essential that they receive the taxes from the local authorities so that the credit and functions of the state and county be not impaired or measurably destroyed.

The respondents do not dispute the fact that they have received from the collection of taxes an amount in excess of the assessment for state and county purposes. They assert, however, that it was necessary for them to use these moneys and that they did use them to carry on the local government and for debt service. These same reasons for failure to pay have been offered many times by various municipalities, but on every occasion our courts have held that they do not constitute any excuse for failure to pay state and county taxes. *Bayonne* v. *State, Kingsland, pros., supra; Shields* v. *Paterson, supra; Ross* v. *Walton, supra; Trewin* v. *Shurts, supra, and Tipping* v. *Dougherty, supra.*

Since the statute makes it the unqualified duty of the local governing body to pay these taxes as and when due, and since it is admitted that there is due and owing to relator the amount set forth in the petition, it follows that

the relator is entitled to a peremptory writ of *mandamus* in accordance with the prayer of the petition filed herein.

In *Shields* v. *Paterson, supra,* the court held, in a situation similar to this, that the legal right to the writ of *mandamus* being clear, and the matter being of public and urgent interest, a peremptory writ of *mandamus* would issue in the first instance.

If it be contended that the relator has another remedy under section 63 of the Tax act of 1903 and that therefore a writ should not issue, the answer is first that apparently that section was repealed by the Revision of 1918, and secondly, if that be not so, clearly that section does not exclude the remedy by *mandamus*. *Trewin* v. *Shurts*, 74 *N. J. L.* 200; 65 *Atl. Rep.* 984.

If it be contended that there was no wrongdoing upon the part of the respondents, it is a sufficient answer to say that they have failed to comply with the statutory requirement as to their duties.

The contention that to grant the writ would cause confusion, and the contention that the respondents are without funds, are disposed of adversely to the respondents by the decision in *Tipping* v. *Dougherty, supra.*

If it be suggested that the relator is not entitled to interest on delayed payments such contention is without merit.

The rule to show cause will be made absolute and a peremptory writ accordingly granted.

It being made to appear without dispute that, after the rule to show cause was allowed, the relator named in the original petition resigned from the office of county treasurer of the county of Essex; that his resignation has been accepted and his successor, Zenas Crane, has been appointed and duly qualified, and is now the duly qualified treasurer of the county, the writ therefore will run in the name of Zenas Crane, county treasurer of the county of Essex, and will require respondents to pay to that named official the state and county taxes.