CONLEY, J. T. C.
This is a local property tax matter which deals with the statutory requirement that a taxpayer pay all property taxes due and payable as of the filing of his complaint with the Tax Court. The applicable statute is N.J.S.A. 54:2-39, which this court has construed and applied in Powder Mill I Associates v. Hamilton Tp. (Atlantic Cty.), 3 N.J.Tax 439 (Tax Ct. 1981), appeal docketed, A1525-81T3 (App.Div.Dec. 17, 1981).
Plaintiffs filed their complaint on August 5, 1981 challenging the 1981 assessments on their three separately assessed, contiguous properties, all in common ownership. The assessments on the properties were $1,260,700, $150,800 and $145,800. Plaintiffs filed what is commonly referred to as a direct appeal to the Tax Court, by-passing the Morris County Board of Taxation, because one of the challenged assessments exceeds $750,000. N.J.S.A. 54:3-21; R. 8:3-5(a)(3).
Prior to the date scheduled for the pretrial conference in this matter, defendant taxing district filed a motion to dismiss plaintiffs’ complaint on the grounds that plaintiffs had not paid their taxes due and payable as of the filing of the complaint. Defendant’s motion was supported by the affidavit of the municipal tax collector and copies of his real estate tax ledger showing the official record of plaintiffs’ property tax payments. These proofs established that plaintiffs made their 1981 third- *660 quarter tax payments for all three properties on August 13, 1981. Defendant relied on N.J.S.A. 54:2-39 and on the Powder Mill decision in urging the dismissal of plaintiffs’ complaint. That statute, insofar as it pertains to this issue, provides:
At the time that a complaint has been filed with the Tax Court, all taxes or any installments then due and payable for the year for which review is sought must have been paid.
In the Powder Mill case the taxpayers filed a direct appeal to the Tax Court contesting their 1980 assessment. They filed their complaint on July 30, 1980 but they had not paid all tax installments due and payable as of that date. According to N.J.S.A. 54:4-66 a, only the first- and second-quarter property tax installments were due as of July 30, 1980, the due dates having been February 1 and May 1, 1980. The third-quarter installment was not due until August 1,1980. Judge Rimm held that the tax payment requirement of N.J.S.A. 54:2-39 was jurisdictional and he directed dismissal of the complaint because the taxpayers had failed to comply with that requirement.
In the present case plaintiffs’ third-quarter taxes for 1981 were due on August 1, 1981; plaintiffs filed their complaint on August 5, 1981 and they paid their third-quarter taxes on August 13,1981. Therefore, plaintiffs had not paid “all taxes or any installments then due and payable” when they filed their complaint, as is required by the express language of N.J.S.A. 54:2-39. Having recited these facts and having adopted the reasoning set forth in the Powder Mill opinion, this court in a letter opinion directed that plaintiffs’ complaint be dismissed. However, on the application of plaintiffs’ substituted counsel, the court has decided to reconsider its decision.
In its letter opinion the court applied the clear terms of N.J.S.A. 54:2-39. However, this application produced an anomalous result: the court found that it had no jurisdiction because plaintiffs filed their complaint slightly earlier than they were obliged to do. Having paid their third-quarter installment on August 13, 1981, plaintiffs could have filed their complaint with the Tax Court as late as August 13, 14 or 15, 1981, as permitted by N.J.S.A. 54:3-21, and “all taxes or any installments then due *661 and payable” would thus have been paid as of the filing of the complaint, as required by NJ.S.A. 54:2-39. It is evident, therefore, that under a strict reading of N.J.S.A. 54:2-39, plaintiffs who file complaints from August 1 through August 15 would be obliged to make certain that their third-quarter taxes are paid as of the date their complaints are filed. This might often require careful coordination when a taxpayer makes the tax payment and his attorney files the complaint.
It is this court’s view with regard to the timing of property tax payments as they relate to the filing of complaints in the limited context of NJ.S.A. 54:2-39 that the Legislature did not intend to demand such harmonious action. In enacting the tax payment requirement of N.J.S.A. 54:2-39 the Legislature did not shorten the statutory filing deadline of August 15 contained in N.J.S.A. 54:3-21. That requirement is well established and is jurisdictional. Prospect Hill Ap’ts v. Flemington, 172 N.J.Super. 245, 1 N.J.Tax 224, 411 A.2d 737 (Tax Ct. 1979). Since a taxpayer, for purposes of a direct appeal, may file his complaint with this court on or before August 15 pursuant to N.J.S.A. 54:3-21, he should not be deprived of the jurisdiction of the court at a date earlier than August 15. In other words, if a taxpayer files a complaint with this court on a direct appeal in the 14 days that precede August 15, jurisdiction as it is affected by the payment of third-quarter taxes should nonetheless be determined as of August 15. This court therefore construes N.J.S.A. 54:2-39 to mean that all taxes or any installments then due and payable for the year for which review is sought must have been paid as of the time a complaint must be filed with the Tax Court, rather than “at the time that a complaint has been filed” with the Tax Court. This construction of N.J.S.A. 54:2-39 comports with the Legislature’s apparent purpose in adopting the statute, which was to require a taxpayer to pay his taxes first and litigate the correctness of them later. Only those taxpayers who have not paid their taxes as of the date they must file a complaint to contest them will be denied the jurisdiction of the court on that basis.
*662 For the reasons set forth above, plaintiffs’ motion to reconsider this court’s earlier letter opinion is granted and defendant’s motion to dismiss plaintiffs’ complaint for lack of jurisdiction is denied.