ANDREW, J.T.C.
In this local property tax matter defendant, Lafayette Township, moves for an order dismissing the complaint filed by plaintiff, Olde Lafayette Village, Ltd., for the tax year 1987 on the ground that, pursuant to N.J.S.A. 54:51A-1b., plaintiff had not paid “all taxes or any installments thereof then due and *564 payable for the year for which review [was] sought” at the time plaintiff’s complaint was filed with the Tax Court.
On August 14, 1987, plaintiff filed a petition of appeal with the Sussex County Board of Taxation challenging the 1987 local property tax assessment of its commercial property known and designated as Block 8, Lot 26.A on Lafayette Township’s tax map. The county board issued its judgment on October 14, 1987 which affirmed the original assessment without prejudice. At oral argument on the motion plaintiff’s counsel acknowledged that this judgment was personally served on plaintiff’s counsel on the same date, i.e., October 14, 1987.
Thereafter plaintiff, seeking a review of the county board’s judgment, filed its complaint with the Tax Court on November 25, 1987. There is no dispute that the fourth-quarter real estate taxes which were due and payable on November 1, 1987, pursuant to N.J.S.A. 54:4-66a., had not been paid by plaintiff until November 30, 1987 or five days after the complaint in this action had been filed.
Defendant now moves to dismiss plaintiff’s complaint for plaintiff’s failure to comply with N.J.S.A. 54:51A-1b. This statute provides:
At the time that a complaint has been filed, with the Tax Court seeking a review of judgment of county tax boards, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid____ [Emphasis supplied]
Defendant’s argument is straightforward and brief. At the time plaintiff filed its complaint with the Tax Court, i.e., November 25, 1987, its fourth-quarter 1987 taxes were due and undeniably unpaid. Thus, even though the fourth-quarter taxes were paid five days later on November 30, 1987, pursuant to Schneider v. City of East Orange, 196 N.J.Super. 587 (App. Div.1984) aff’d 103 N.J. 115, 510 A.2d 1118 (1985), cert. den., — U.S. -, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986), defendant urges that, inasmuch as noncompliance with the tax payment provision is a jurisdictional prerequisite, this court has no alternative but to dismiss plaintiff’s complaint.
*565 There is no doubt that plaintiff had not paid “all taxes or any installments then due and payable” on the date when its complaint was filed, as is apparently required by the express language of N.J.S.A. 54:51A-1b.
The question that plaintiff raises is whether the statutory provision requires that “all taxes or any installments then due and payable” must have been paid “at the time that a complaint has been filed with the Tax Court” or whether those taxes must have been paid “as of the time that a complaint must be filed with the Tax Court.” Defendant argues that the former construction is completely in accord with the literal or plain meaning of the statute, while plaintiff asserts that the latter interpretation is necessary in order to avoid “an absurd, anomalous result.”
According to N.J.S.A. 54:51A-1a.:
Any party who is dissatisfied with the judgment ... of the County Board of Taxation may seek review of that judgment ... in the Tax Court by filing a complaint in the Tax Court, pursuant to rules of court. [Emphasis supplied]
Under R. 8:4-1(a)(2):
A complaint to review a judgment of a county board of taxation shall be filed within 45 days of the service of the judgment of the county board of taxation. Service, when by mail, shall be deemed complete as of the date the judgment is mailed, subject to the provisions of R. 1:3-3.
Lastly, R. 1:3-1 provides:
In computing any period of time fixed by rule or court order, the day of the act or event from which the designated period begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor legal holiday. In computing a period of time of less than 7 days, Saturday, Sunday and legal holidays shall be excluded. [Emphasis supplied]
Applying R. 8:4-1(a)(2), plaintiff had until November 28, 1987 in which to file a complaint, i.e., 45 days from October 14,1987, the day the county board served its judgment. However, because November 28, 1987 was a Saturday, R. 1:3-1 provided plaintiff with two additional days in which to file. Consequently, plaintiff had until Monday, November 30, 1987 in which to file its complaint and now argues that since its fourth-quarter taxes were paid on November 30, 1987, the last day for filing a *566 timely complaint, it met the requisites of N.J.S.A. 54:51A-1b. Plaintiff argues that the purpose of the tax-payment provision was not to shorten the allowable period of time within which to appeal a county board judgment.
Plaintiff relies on the Tax Court opinion in Stewart v. Roxbury Tp., 4 N.J.Tax 658 (Tax Ct.1982). In Stewart plaintiffs, seeking direct review of their 1981 local property tax assessments pursuant to N.J.S.A. 54:3-21, filed their complaint on August 5,1981, ten days prior to the last day (August 15, 1981) for filing direct appeals in the Tax Court for the 1981 tax year.[1] Pursuant to N.J.S.A. 54:4-66a., third-quarter 1981 taxes were due and payable on August 1, 1981. The proofs revealed that plaintiffs had not paid their 1981 third-quarter taxes until August 13, 1981. Thus, plaintiffs’ third-quarter taxes, which were due August 1, 1981, had not been paid until August 13, 1981, some eight days after they filed their complaint on August 5, 1981.
Defendant, Roxbury Township, moved to dismiss plaintiffs’ complaint because at the time plaintiffs’ complaint had been filed, plaintiffs had not paid “all taxes or installments then due and payable for the year for which review” was sought pursuant to N.J.S.A. 54:2-39, now N.J.S.A. 54:51A-1b. Judge Conley of this court recognized that a strict application of the tax-payment provision produced an anomalous result, that is, simply because plaintiffs filed their complaint earlier than they were obliged to do under the statute, the complaint, following the literal language of the statute, would have to be dismissed. *567 Yet, if they filed their complaint on August 13, 14 or 15, 1981 their complaint could not be dismissed because “all taxes or any installments then due and payable” would have been paid as of the date of the filing of plaintiffs’ complaint.
In view of the untoward result that would be produced by a strict application of the tax-payment provision, Judge Conley felt obligated to avoid a literal reading of the statute as follows:
It is evident, therefore, that under a strict reading of N.J.S.A. 54:2-39, [now N.J.S.A. 54:51A-1b.] plaintiffs who file complaints from August 1 through August 15 would be obliged to make certain that their third-quarter taxes are paid as of the date their complaints are filed. This might often require careful coordination when a taxpayer makes the tax payment and his attorney files the complaint.
It is this court’s view with regard to the timing of property tax payments as they relate to the filing of complaints in the limited context of N.J.S.A. 54:2-39 that the Legislature did not intend to demand such harmonious action. In enacting the tax payment requirement of N.J.S.A. 54:2-39 the Legislature did not shorten the statutory filing deadline of August 15 contained in N.J.S.A. 54:3-21. That requirement is well established and is jurisdictional, [citation omitted] Since a taxpayer, for purposes of a direct appeal, may file his complaint with this court on or before August 15 pursuant to N.J.S.A. 54:3-21 he should not be deprived of the jurisdiction of the court at a date earlier than August 15. In other words, if a taxpayer files a complaint with this court on a direct appeal in the 14 days that precede August 15, jurisdiction as it is affected by the payment of third-quarter taxes should nonetheless be determined as of August 15. This court therefore construes N.J.S.A. 54:2-39 to mean that all taxes or any installments then due and payable for the year for which review is sought must have been paid as of the time a complaint must be filed with the Tax Court, rather than “at the time that a complaint has been filed” with the Tax Court. This construction of N.J.S.A. 54:2-39 [now N.J.S.A. 54:51A-1b.] comports with the Legislature’s apparent purpose in adopting the statute, which was to require a taxpayer to pay his taxes first and litigate the correctness of them later. Only those taxpayers who have not paid their taxes as of the date they must file a complaint to contest them will be denied the jurisdiction of the court on that basis. [ 4 N.J. Tax at 661]
In response, defendant asserts that plaintiff’s reliance on Stewart is misplaced. Defendant contends that Stewart was decided two years prior to the Appellate Division decision in Schneider v. City of East Orange, supra and that Schneider explicitly overruled Stewart when it said:
The plain language of this statute unambiguously indicates that all taxes due and payable for the year involved in the appeal must have been paid at the time of the filing of the complaint, [citation omitted] Where statutory language is plain, unambiguous and uncontrolled by another part of the act or other *568 legislation, a court may not give it a different meaning [citation omitted]. The mandatory nature of the prepayment provision is supported by the accepted rule that in a proceeding addressed to the statutory jurisdiction of the tribunal compliance with all applicable statutory requirements is necessary for the exercise of that jurisdiction. [ 196 N.J.Super. at 592, 483 A.2d 839; citation omitted]
Defendant, therefore, submits that in light of the holding in Schneider, to construe the tax payment provision as urged by plaintiff, relying on Stewart, “would deviate from the plain meaning of the statute and utterly frustrate the legislative intent.” I do not agree. Interpreting the statute as plaintiff suggests would deviate from the literal meaning of the words used but this would not in any manner frustrate legislative purpose. As a matter of fact, plaintiff’s construction would advance two legitimate purposes: it would permit property owners a fair opportunity for a hearing on the merits and yet allow the municipality to receive its taxes on a timely basis. To read the tax-payment provision literally in the context of this case would clearly exalt form over substance.
It is appropriate at this point to remember Judge Learned Hand’s well-known remark that, “[t]here is no surer way to misread any document than to read it literally.” Guiseppi v. Walling, 144 F.2d 608, 624 (2 Cir.1944), aff’d sub nom. Gemsco v. Walling, 324 U.S. 244, 65 S.Ct. 605, 89 L.Ed. 921 (1945). In this regard our Supreme Court aptly remarked in Caputo v. Best Foods, 17 N.J. 259, 111 A.2d 261 (1955) that the intention of an enactment is not ruled by its strict letter but by that which “emerges from the spirit and policy of the statute rather than the literal sense of particular items.” Id. at 264, 111 A.2d 261. What makes the law is not the words but its internal sense. Ibid. In the same vein, Justice Handler in Unemployed-Employed Council of N.J., Inc. v. Horn, 85 N.J. 646, 428 A.2d 1305 (1981) observed that “statutory language must be read perceptively and sensibly with a view toward fulfilling the legislative intent.” Id. at 655, 428 A.2d 1305.
The purpose of the tax-payment provision is to encourage the timely payments of taxes and thus enable a taxing district to avoid any financial hardships or the imposition of a greater tax burden on the other taxpayers within the taxing district in the *569 form of a “reserve for uncollected taxes, and thus [an increased] tax rate.” See Schneider v. City of East Orange, supra, 196 N.J.Super. at 593, 483 A.2d 839 (quoting from the legislative statement pertaining to the tax-payment provision).
The sensible construction of the tax-payment provision urged by plaintiff accommodates the taxing district’s fiscal needs and at the same time permits a property owner a judicial review of his local property tax assessment. Cf. Verden Realty Mgt. Co. v. East Orange, 5 N.J.Tax 637, 641-642 (Tax Ct.1983) (a liberal interpretation of a county board regulation relative to a tax-payment requirement does not jeopardize the collection of a municipality’s revenues by undue delay and does not deny administrative review of a taxpayer’s assessment).
Interestingly enough, defendant’s argument that this court should not deviate from the express words used in the tax-payment provision does not advance the Legislature’s purpose in adopting N.J.S.A. 54:51A-1b. any more than does plaintiff’s liberal construction of it. Yet, a mechanical following of the literal words can produce clearly unreasonable and nonsensical results which cannot be attributed to the Legislature. See Schierstead v. Brigantine, 29 N.J. 220, 230-231, 148 A.2d 591 (1959) (“... statutes are to be read sensibly rather than literally and the controlling legislative intent is to be presumed as consonant to reason and good discretion.” Id. at 230, 148 A.2d 591); Roman v. Sharper, 53 N.J. 338, 250 A.2d 745 (1969) (“We should assume the Legislature intended a reasonable approach, and we should construe the statute to provide one if we can.” Id. at 341, 250 A.2d 745).
An example illustrates and highlights the untoward and unacceptable result produced by a literal application of the tax-payment requirement. Assume property owners “A” and “B” both appealed their assessments to the county board of taxation and the county board issued a judgment in each case by mailing it on November 2, 1987. Both “A” and “B” wished to appeal the county board’s judgment to the Tax Court. “A” filed his complaint on November 4, 1987 but did not pay his fourth-quarter taxes (due November 1, 1987) until November 5, *570 1987. A literal reading of the statute would require a dismissal of “A’s” complaint.[2]
“B,” however, pays his fourth-quarter taxes on December 15, 1987 (six weeks after “A” paid his taxes) and then files his Tax Court complaint on December 16, 1987 (also six weeks after “A” filed his complaint). “B” meets the literal requirements of the tax-payment provision and is able to obtain judicial review of his assessment while “A,” who paid his fourth-quarter taxes and filed his complaint six weeks before “B” did, is not able to obtain judicial review of his assessment.
Defendant suggests that this result was fully intended by the legislative provision, that Schneider mandates a literal application of N.J.S.A. 54:51A-1b. and that this court cannot deviate from the Schneider holding. I am not persuaded that defendant’s approach is legally correct. The holding in Schneider is not relevant in the context of this case. While the factual consequence in Schneider was a dismissal of plaintiff’s complaint because of the nonpayment of taxes, the Appellate Division was not confronted with the factual circumstances presented in this case nor did the court mention the Stewart Tax Court decision in its opinion.
Therefore, the Appellate Division’s legal reasoning was not directed to the specific issue that has been raised in this case. As a result, Schneider is not a binding precedent on a point that was not argued in the case nor mentioned in the opinion. See Fairlawn Shopper Inc. v. Director, Div. of Tax, 98 N.J. 64, 72-73, 484 A.2d 659 (1984); West Milford Tp. v. Garfield Recreation Comm., 194 N.J.Super. 148, 158, n. 11, 476 A.2d 333 (Law Div.1983); 20 Am.Jur.2d, Courts, § 190; 21 C.J.S., Courts, § 186; see Illinois State Bd. of Elections v. Socialist Workers Party, 440 U.S. 173, 183, 99 S.Ct. 983, 989, 59 L.Ed.2d *571 230 (1974); cf. Page v. Johnson, 45 N.J.Super. 97, 103, 131 A.2d 522 (Ch.Div.1957).
Consequently, I conclude that Schneider v. City of East Orange does not control the appropriate result in this case, rather what is controlling is the “breadth of the objectives of the legislation and the common sense of the situation.” Jersey City Chapter of Property Owner’s etc. Ass’n v. City Council, 55 N.J. 86, 100, 259 A.2d 698 (1969). To read the tax-payment provision literally, in the context of this case, as defendant suggests, does not fulfill the objective of furthering the legislative purpose of that statutory enactment.
Giving the tax-payment provision the requisite construction consistent with the policy consideration of the fiscal needs of taxing districts, I am led inexorably to the conclusion that Judge Conley’s approach in Stewart was right. The appropriate construction of N.J.S.A. 54:51A-1b., therefore, is that:
all taxes or any installments then due and payable for the year for which review is sought must have been paid as of the time a complaint must be filed with the Tax Court, rather than “at the time that a complaint has been filed” with the Tax Court. [ 4 N.J.Tax at 661]
Inasmuch as the last day for the timely filing of plaintiff’s complaint was November 30, 1987 and its complaint was filed prior thereto on November 25, 1987 and its fourth-quarter taxes were paid as of November 30, 1987, defendant’s motion to dismiss plaintiff’s complaint for lack of jurisdiction is denied.

In order to avoid confusion, it must be noted that when Stewart was decided the Stewart trial judge was under the impression that N.J.S.A. 54:2-39, now N.J.S.A. 54:51A-1b., was applicable to a direct appeal in the Tax Court. Subsequent to the Stewart decision, the Appellate Division held that N.J.S.A. 54:2-39, now N.J.S.A. 54:51A-1b, was not implicated in direct appeals in the Tax Court but that direct appeals in the Tax Court were controlled by the same tax-payment provision applicable to petitions filed with county boards of taxation found in N.J.S.A. 54:3-27. Powder Mill I Assoc. v. Hamilton Tp., 190 N.J.Super. 63, 461 A.2d 1199 (App.Div.1983). This difference in context between Stewart and the present matter does not detract from the legal analysis contained in Stewart.

It should be noted that if "A" discovers his failure to comply with a strict application of the tax-payment provision before the last day for filing a complaint in the Tax Court, he can correct the defect by simply refiling a copy of the original complaint. If “A's” attention, however, is not called to the technical deficiency before the last day for filing, then a strict application of the tax-payment provision dictates a dismissal of "A’s" complaint.