KAHN, J.T.C.
This is the court’s opinion with respect to defendant, Director, Division of Taxation’s (Division), motion to dismiss the complaint of plaintiff, Godwin Pumps of America (taxpayer), for lack of subject matter jurisdiction. The issue before this court is whether taxpayer’s amended corporate business tax (“CBT”) return for the 1993 tax year was filed with the Division in a timely manner.
The original due date for the 1993 CBT was January 15, 1994. However, that deadline was extended to July 15 of said year. After calculating the amount due, taxpayer paid the CBT in full on June 30, fifteen days before the extension date. On July 13, 1998, taxpayer filed amended CBT returns which sought refunds for the 1993-96 tax years. The Director approved refunds for the 1994, 1995, and 1996 tax years, but denied the 1993 refund request because it was not filed within the four-year statute of limitations articulated in N.J.S.A. 54:49-14a.
This motion turns on whether the four-year statute of limitations articulated in N.J.S.A. 54:49-14a runs from the date of payment of the tax or from the date the tax is due. For the reasons hereinafter set forth, the motion to dismiss taxpayer’s complaint is granted.
The generally applicable refund statute, N.J.S.A. 54:49-14a, states, in pertinent part, that “[a]ny taxpayer, at any time within four years after the payment of any original or additional tax assessed against him, unless a shorter limit is fixed by the law imposing the tax, may file with the director a claim under oath for a refund....” Moreover, N.J.A.C. 18:7-13.8(a) points out that, if filing and payment are made before the due date of a corporate business tax, the four-year statute of limitations discussed in N.J.S.A. 54:49-14a begins to run on the payment date. More specifically, that regulation states that, “[t]he due date of the return is deemed the payment date if filing and payment are made prior to the due date.” N.J.A.C. 18:7-13.8(a).
Taxpayer, however, argues that the Legislature did not intend the four-year statute of limitations contained in N.J.S.A. 54:49-14a to run from the payment date of a tax. In support if this *327 contention, taxpayer points to N.J.S.A 54:49-6(b) and the Tax Court’s opinion in Stewart v. Roxbury Tp., 4 N.J. Tax 658 (Tax 1982), where the court construed N.J.S.A. 54:2-39 to permit a taxpayer to file a complaint as long as the tax in question is paid by the statutory deadline rather than the date the complaint is filed. First, this Tax Court decision is inapplicable because the court specifically limited its decision to the timing of property tax payments as they relate to the filing of complaints under N.J.S.A. 54:2-39. Id. at 660. Second, the language relied on by taxpayer in N.J.S.A. 54:49-6(b) is inapplicable because it is specifically limited to situations where, unlike the present case, the taxpayer appeals a deficiency assessment.
If the Legislature intended the statute of limitations articulated in N.J.S.A. 54:49-14a to run from the final due date of the tax, it could have easily adopted the language used in N.J.S.A 54:49-6(b).[1] It did not, however, and its language, coupled with the language used in N.J.A.C. 18:7-13.8, clearly indicates a contrary construction.
In the present case, taxpayer filed its amended return for the 1993 tax year four years and thirteen days alter it paid the CBT in question.[2] Thus, in light of the plain language of N.J.S.A. 54:49- *328 14a and N.J.A.C. 18:7-13.8, this court holds that taxpayer’s present complaint is untimely and is therefore dismissed.

 Similar to the statute and regulation currently before the court, the purpose oí N.J S.A. 54:49-6(b) is to establish finality in the assessment process through statutes oí limitation. More specifically, it prohibits the government from levying an additional assessment of tax on a taxpayer after the expiration of more than four years from the date the return was filed. This statute, however, unlike N.J S.A 54:49-14a or N J A C. 18:7-13.8(a) has an additional section which specifically states, “For purposes of this subsection, a return filed before the last day prescribed by law or by regulations promulgated pursuant to law for the filing thereof, shall be considered as filed on such last day." N.J S A 54:49-6(b). The fact that the Legislature inserted said language into this section (which has the effect of giving the government additional time to obtain taxes) and omitted it from both N.J.S.A. 54:49-14a and N.J.A.C 18:7-13.8(a), clearly indicates that the Legislarme did not contemplate that either of the aforementioned sections would be interpreted to allow taxpayers who filed early to take advantage of a later filing date in order to enlarge said four-year statute of limitations.

 Although it was not discussed b> either of the parties, both N.J.A C 18:7-13.8(a) and I R.C. § 6513(a) provide that the applicable due date means the original due date of said return, without regard to any extended due date or *328 additional grant of time. The state code regulation specifically states, “For purposes of this section, the term ‘due date' means the original due date of the return. [T]he term does not mean or include any extended due date." N J.A.C. 18:7-13.8(a). Similarly, the federal regulation states, "For purposes of this subsection, the last day prescribed for filing the return or paying the tax shall be determined without regard to any extension of time granted the taxpayer and without regard to any election to pay the tax in installments." I.R.C. § 6513(a) (2000). In the present case, taxpayer filed this claim four years, six months, and thirteen days after its original due date of January 15, 1994. Thus, the present claim is untimely under either regulation because the statute of limitations ran from the original due date of the return.