**NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS**

**TAX COURT OF NEW JERSEY**



MALA SUNDAR
PRESIDING JUDGE

Richard J. Hughes Justice Complex
P.O. Box 975
Trenton, New Jersey 08625-0975
609 815-2922, Ext. 54630 Fax 609 376-3018

July 29, 2022

Michael I. Schneck, Esq.
Schneck Law Group
Attorneys for Plaintiff

Adam J. Colicchio, Esq.
Renaud Deappolonio LLC
Attorneys for Defendant

> Re:   RIC Metuchen LLC v Borough of Metuchen
>         Block 116, Lot 34
>         <u>Docket No. 010120-2021</u>

Dear Counsel:

This opinion decides defendant's motion to dismiss plaintiff's above referenced complaint under N.J.S.A. 54:51A-1(b) for nonpayment of the second quarter 2021 taxes when the complaint, appealing the county board of taxation's judgment, was filed in the Tax Court. Plaintiff opposed the motion on grounds delinquent taxes should be paid "by date that the complaint must be filed" and not when the complaint is filed, per <u>Olde Lafayette Village, Ltd. v. Twp. of Lafayette</u>, 9 N.J. Tax 562 (Tax 1988).  Since plaintiff paid the delinquent tax (plus interest) on July 12, 2021, which was within the 45-day appeal period, dismissal is improper.

In response to the court's query whether the tax payment requirement can be relaxed pursuant to N.J.S.A. 54:51A-1(b), plaintiff contended that due to its March 2021 Chapter 11 bankruptcy filing, it could not pay the taxes until it was able to open a debtor-in-possession (DIP) checking account, which was delayed due to COVID-19, therefore, its nonpayment was involuntary.  The Borough argued that the evidence provided by plaintiff in this regard did not support alleged involuntariness.









For the reasons below, the court finds that while the plain language of N.J.S.A. 54:51A-1(b) requires taxes be current at the time the complaint is filed, the infancy of the bankruptcy proceedings merits relaxation of this requirement. Further, the Borough is not prejudiced because the payment was made within the jurisdictional appeals period and within 18 days of the complaint filing date. Therefore, the Borough's motion to dismiss the complaint is denied.

**FACTS**

The facts are undisputed. By judgment dated June 4, 2021 (and mailed June 9, 2021), the Middlesex County Board of Taxation issued a judgment affirming the assessment of $835,000 imposed on the above referenced property (Subject) for tax year 2021 under code 6B (dismissed without prejudice because hearing was waived). The deadline to appeal this judgment was July 27, 2021 (45 days from the judgment's mailing date plus 3 days for mailing, see N.J.S.A. 54:51A-9(a); R. 8:4-1(a)(4); R. 1:3-3). Plaintiff appealed to this court on June 24, 2021 (thus 33 days before the limitations deadline) alleging that the Subject was over-assessed.

On July 6, 2021, the Borough moved to dismiss the complaint under N.J.S.A. 54:51A-1(b). Per its assessor's certification, as of the complaint's filing date, plaintiff owed $13,272.23 as local property tax for the second quarter of 2021 which was due and payable May 1, 2021. The motion was returnable July 23, 2021.

On July 12, 2021, plaintiff paid the delinquent tax plus interest in the amount of $13,756.76. Thus, the payment was made within eighteen days of the filing of the complaint, and six days of the filing of the dismissal motion.

One day before the return date of the Borough's motion, thus on July 22, 2021, plaintiff's counsel advised the court that plaintiff had "paid-in-full" the taxes for the Subject. It then opposed the dismissal motion on August 17, 2021. It contended that under Olde Lafayette, its

2

complaint survives because it was filed much before the July 27, 2021, filing deadline, and it had also paid the delinquent tax before such deadline.

The Borough opposed the reply noting that in the ensuing years since 1988 when Old Lafayette was decided, there has been no record of any case employing a similar interpretation of N.J.S.A 54:51A-1(b), that the court there held. Rather, subsequent precedent including the Appellate Division's decision in Dover-Chester Assocs. v. Twp. of Randolph, 419 N.J. Super. 184 (App. Div. 2011), construed that statute by its plain language.

Post oral argument of the motions, the parties, at the court's direction briefed the issue of whether the tax payment requirement merits relaxation as permitted by N.J.S.A. 54:51A-1(b). Plaintiff's brief filed January 28, 2022, contained the certification of its manager as follows: plaintiff offered furnished office space for short-term leases, often on a month-to-month cases, tenants being small businesses or sole proprietors. Due to COVID-19, rental income, plaintiff claimed, decreased by almost 50% from end of 2020 into the second quarter of 2021. Plaintiff therefore filed for Chapter 11 bankruptcy on March 7, 2021. Plaintiff was required, per the U.S. Trustee's Operating Guidelines, to open DIP bank accounts to make payments "including one account specifically for payment of tax obligations." Although plaintiff tried to open such accounts, the process was stymied due to bank formalities to "verify the need for the [DIP] accounts" due to COVID-19. Meanwhile, plaintiff used a property management company to collect rents and pay operating expenses (as was being done pre-petition) with permission of the U.S. Trustee and sometime in July of 2021, obtained further permission to have this company pay the delinquent property taxes although "the DIP accounts were not yet in place."

Plaintiff thereafter provided the court its e-mail exchange with the U.S. Trustee's office on July 8, 2021 (the date of the Borough's dismissal motion), seeking confirmation that plaintiff

was required to have a "new" DIP checking account since it had opened only a "new DIP Saving account" with Chase Bank. The U.S. Trustee asked plaintiff seek advice from plaintiff's bankruptcy counsel, which plaintiff did, noting that "Chase just needs the Trustee to say that she's requiring a checking account and then they'll open it." Plaintiff's bankruptcy counsel responded on July 9, 2021, that per the U.S. Trustee's Chapter 11 Operating Guidelines, there should be two DIP bank accounts: one for tax escrow (a savings account would do) and the other for cash collateral (a checking account required since operating expenses are paid from this account), with any check to include the bankruptcy case number and that it was a DIP account.[1]

Plaintiff provided the court with monthly operating reports it filed with the U.S. Trustee for the months of March 2021 through August 2021. For March through June, they reported $4,425 as having been paid each month for post-petition property taxes. No such line item was shown for July 2021. For August 2021, the report showed $13,543 as being paid for post-petition property taxes (cumulative post-petition property taxes paid shown as $31,243). This amount was also shown on the August profit and loss statement as "property taxes." Apparently, this was the July payment to the Borough for the second quarter 2021 taxes (although the Borough's receipt showed a payment of $13,756.76).

Plaintiff also included bank statements for the DIP savings account which was opened April 26, 2021 (the statement shows it is for 5 days, April 26 to April 30, 2021, with a beginning balance of $0) by transferring money from another savings account. Each month's transactions were few. Plaintiff's DIP savings account for the month of July showed a deposit (via an online

---

[1] Per the U.S. Trustee's operating guidelines, there should be one DIP account "solely for the purpose of setting aside [bankruptcy] estate monies required for the payment of taxes," and a "separate DIP Account for cash collateral." The latter is for monies earned by, or belonging to the bankruptcy estate, and from which all expenses, including business operating expenses, should be paid. See 11 U.S.C. §364(a).

transfer from a checking account) of $13,756.76. That amount was then withdrawn on July 9, 2021. This was for payment of the second quarter 2021 tax plus interest.

The Borough's Tax Collector's certification responded that a tax sale certificate was issued on December 7, 2017, against the Subject, and the lienholder paid "all subsequent taxes . . . through 2018, 2019, 2020" and for the first quarter of 2021. The Borough argued that these facts should be informative in the context of relaxing the tax payment requirement.

Plaintiff's bankruptcy was dismissed by Order dated January 22, 2022. The case was terminated May 5, 2022.

**ANALYSIS**

The issue here is whether July 27, 2021, the appeal deadline, is the date that taxes must be paid, or is it June 24, 2021, the date the complaint was actually filed, and if the latter, then whether the same can be relaxed by this court.

*Automatic Stay*

Initially, the court briefly addresses whether the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. §362(a), prevents this court from deciding the motion. The stay prevents not only collection or pre-petition debts, but also the continuation of pending state court litigation against the debtor. Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1206 (3rd Cir.1991) ("automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor"). Here, the court is not constrained because the bankruptcy case was dismissed January 27, 2022, and the matter was terminated May of 2022. See 11 U.S.C. §362(c)(2) (stay continues "until the earliest of" the case's closure, or dismissal, or grant of discharge).

5

*Tax Payment Requirement*

When an appeal from a county board of taxation's judgment is filed with the Tax Court (hereinafter "CBJ appeal"), there is an attendant condition that there should be no outstanding taxes. This requirement is imposed by N.J.S.A. 54:51A-1(b), which provides:

> At the time a complaint has been filed with the Tax Court seeking review of judgment of county tax boards, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid.

Thus, where a taxpayer has "gone through an adjudication" at the county board of taxation, "all taxes that are due for the year under review . . . must be satisfied at the time the complaint is filed with the Tax Court." Dover-Chester, 419 N.J. Super. at 189. The plain language of N.J.S.A. 54:51A-1(b) makes clear that taxes should be current when the complaint, i.e., CBJ appeal is filed in the Tax Court. See also Stewart v. Twp. of Hamilton, 7 N.J. Tax 368, 372 (Tax 1984) ("The language utilized in N.J.S.A. 54:2-39 [now N.J.S.A. 54:51A-1(b)] is clear and unambiguous. Where the words of a statute are clear and unambiguous there is no room for judicial construction"); Schneider v. City of East Orange, 196 N.J. Super. 587 (App. Div. 1984) (the "plain language [of N.J.S.A. 54:2-39] . . . unambiguously indicates that all taxes due and payable for the year involved in the appeal must have been paid at the time of the filing of the complaint," and "[w]here statutory language is plain, unambiguous and uncontrolled by another part of the act or other legislation, a court may not give it a different meaning.").[2]

---

[2] The predecessor statute, N.J.S.A. 54:2-39 read as follows:
> At the time that a complaint has been filed with the Tax Court, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid. No interest shall be due and payable by the appellant for the period from November 1 of the current tax year to the date of filing the complaint.

Pre-1999, the above quoted statute was construed strictly because it was deemed to be jurisdictional, thus, non-relaxable. See e.g. Woodlake Heights Homeowner Ass'n Inc. v. Twp. of Middletown, 7 N.J. Tax 364, 366, 368 (App. Div. 1984) (concluding that the "Tax Court properly held it lacked jurisdiction to hear plaintiffs complaint because plaintiff had not paid all taxes then due and payable at the time it filed its complaint, and that "[t]he principle that taxes must be paid when due as a condition to litigating liability for the amount alleged due is firmly embedded in our law.").

Effective September 1999, N.J.S.A. 54:51A-1(b) was amended to provide some relief to the property owners as to the tax payment requirement. Thus, "[n]otwithstanding" the tax payment requirement in the first sentence of N.J.S.A. 54:51A-1(b), the court "may relax the tax payment requirement and fix such terms of payments as the interests of justice may require." Ibid.[3] The amendment rendered the tax payment requirement as non-jurisdictional. See Dover-Chester, 419 N.J. Super. at 198 ("the 1999 amendment . . . granted the Tax Court limited discretion to relax the tax payment requirement in the 'interests of justice,' . . . [thus,] the tax

_____

The only difference in the successor statute, N.J.S.A. 54:51A-1(b), is the addition of "seeking review of judgment of county tax boards," after "the Tax Court" in the first sentence. The second sentence of the predecessor statute has been replaced by the relaxation provision. See infra p. 7.

[3] An identical relaxation provision is included in N.J.S.A. 54:3-27, which applies to a complaint filed directly with the Tax Court. Note that this statute also has a tax payment requirement thus:

> A taxpayer who shall file an appeal from an assessment against him shall pay to the collector of the taxing district no less than the total of all taxes and municipal charges due, up to and including the first quarter of the taxes and municipal charges assessed against him for the current tax year in the manner prescribed in [N.J.S.A.] 54:4-66.

However, unlike the CBJ appeal statute, N.J.S.A. 54:3-27 "does not specify when" the delinquent taxes should be paid. Dover-Chester, 419 N.J. Super. at 189. Thus, unlike a CBJ appeal, a direct complaint survives a dismissal motion if the delinquent taxes are paid by the motion's return date. A cure period is also provided for a petition filed at the county board of taxation which is sought to be dismissed: ten days, unless extended in the interests of justice. See N.J.A.C. 18:12A-1.6). The differing treatment to a direct complaint versus a CBJ appeal has been upheld as reasonable, therefore, legally valid. Dover-Chester, 419 N.J. Super. at 204.

payment requirement no longer strips the Tax Court of the authority to exercise jurisdiction in cases in which taxes have not been paid"); Christian Asset Mgt. Corp. v. City of East Orange, 19 N.J. Tax 469, 475 (Tax 2001) (under the 1999 amendment, the court "is vested with the power to decide whether hearing th[e] case would best serve the interests of justice"); U.S. Land Resources v. Borough of Roseland, 24 N.J. Tax 484, 489 (Tax 2009) (the "effect" of the 1999 amendment "is to permit 'cure' of the failure to have made timely, full payment of the taxes due as a precondition for filing a tax appeal, as circumstance may warrant on the facts of each case.").

The relaxation provisions do "not alter the tax payment requirement or the requirement that it be satisfied at the time the complaint is filed" for a CBJ appeal.  Dover-Chester, 419 N.J. Super. at 200.  Rather, "[b]ecause the amendments are directly related to the tax payment requirement and the Tax Court's authority to relax that requirement, it is evident that the absence of any modification of the requirement that taxes be paid at the time the complaint is filed is . . . consistent with legislative goals."  Ibid. (emphasis added).[4]  Because a CBJ appeal "is statutory," a taxpayer "must comply with all applicable statutory requirements for the Tax Court to entertain the appeal," therefore, must also "comply with the tax payment requirement."  Id. at 190.  The exception is if the court "determines to exercise its limited discretion to 'relax the tax payment requirement [or] fix such terms of payments as the interests of justice may require.'"  Ibid.

As to relaxing the tax payment requirement, the higher court "agree[d] that the [trial court] must weigh all evidence relating to the totality of the circumstances resulting in non-payment of taxes, and make a fact sensitive determination on a case-by-case basis, as to whether the statutory tax payment should be relieved in the interests of justice."  Id. at 202 (citation and

---

[4] These findings were in the context of rejecting the argument that a CBJ appeal should be afforded the same liberality afforded to direct complaints as to tax payment requirements, i.e., if paid as of the motion's return date, the defect is cured, and the complaint can be judicially reviewed.

internal quotation marks omitted).  Since there were "no circumstances that contributed to the non-payment of taxes" when the appeal was filed, and the prejudice to the taxing district "in the interruption of its flow of revenue . . . for well over one year" was more compelling especially where the tax sale certificate did not "generate[] . . . revenue to replace the unpaid taxes,"  there was no "grounds for the relaxation of the tax payment requirement of N.J.S.A. 54:51A-1(b)."  Id. at 203.

Here, the court here finds sufficient basis to relax the tax payment requirement due to plaintiff's bankruptcy which was at its infancy when the CBJ appeal was filed.  The DIP savings account was opened end of April 2021 (the bank statement was for five days, April 26 through April 30, 2021).  There was nothing to contradict plaintiff's owner's certification that bank procedures were delayed and lengthier due to COVID, the court taking judicial notice of the fact that several businesses, including banks, were negatively impacted by COVID in their respective day-to-day operations.  That the Subject was being managed by a property management company, is not atypical of commercial properties, and in DIP Chapter 11s.   Thus, it is not unreasonable to have this arrangement continue during the initial bankruptcy period, and once alerted of the dismissal motion, having the management company promptly pay this amount.  Because of the sheer infancy of the bankruptcy proceedings, the court finds that, in the interests of justice, the relatively short delay in paying the second quarter 2021 taxes should be relaxed.

The ruling in Olde Lafayette more properly addresses the lack of prejudice to the taxing district if relaxation of the tax payment requirement is being considered by the court.  In that case, the trial court eschewed a plain language reading of N.J.S.A. 54:51A-2(b) because doing so "in the context of this case would clearly exalt form over substance," and could "produce clearly unreasonable and nonsensical results which cannot be attributed to the Legislature."  9

9

N.J. Tax at 568-69. A more "sensible construction" of the statute was that any delinquent taxes "must have been paid as of the time a complaint must be filed with the Tax Court" since this would "accommodate[] the taxing district's fiscal needs and at the same time permit[] a property owner a judicial review of his local property tax assessment." Id. at 569.

N.J.S.A. 54:51A-2(b) has changed from when Olde Lafayette was decided by now permitting a relaxation of the tax payment requirement if warranted. Therefore, it is the post-1999 construction of this statute that controls. The plain language of N.J.S.A. 54:51A-1(b), as reinforced by Dover-Chester is that delinquent taxes owed "must have been paid" when the complaint is filed. The relaxation provisions contemplate that if facts are compelling that the taxes which "must have been paid" could not have been paid when the CBJ appeal was filed, then, the appeal can be judicially reviewed. While the court agrees with plaintiff that the facts in Olde Lafayette has not been addressed by an appellate court, the court cannot ignore the holdings of the Appellate Division in Dover-Chester that a taxpayer "must comply with all applicable statutory requirements for the Tax Court to entertain" a CBJ appeal, including compliance "with the tax payment requirement," unless that requirement is relaxed by the court. 419 N.J. Super. at 190.

Nonetheless, since Dover-Chester stressed the crucial importance for an uninterrupted flow of tax revenues during litigation, id. at 199-203, the equitable considerations in Olde Lafayette would apply to address any concerns of harm to the municipal fisc if a timely CBJ is filed and a tax payment is thereafter made but within the remaining statute of limitations period. See 9 N.J. Tax at 569, 571 (permitting a timely filed CBJ appeal for which the tax payment was made within the appeal period would "allow the municipality to receive its taxes on a timely basis," and be "consistent with the policy consideration of the fiscal needs of taxing districts.").

Of course, even one day's late payment disrupts the flow of revenue. If that is the standard of review, however, then it is difficult to justify the delay in tax payment built into the 45-day appeal period. A taxpayer can file an appeal on the very last day of the appeal period, and pay any delinquent tax at the same time on that day or pay it one day before, with no jeopardy to this court's ability to review the merits of the appeal, which means that the tax payment can be delayed up until the last day of the statute of limitations. A taxing district can legitimately expect nonpayment of owed taxes during the entire limitations period, thus, a disruption to its revenue flow is already built into this period. Therefore, receiving a payment during, or on the last day of, the limitations period does not provide the "loss of revenue" as a prima facie basis to dismiss the CBJ appeal, nor does it state a claim for prejudice to a taxing district that overcomes the undeniably prejudicial loss of judicial review of a taxpayer's appeal.

The court is not ruling that simply because a taxpayer filed first and paid the taxes later, but within the applicable CBJ appeal limitations period, there is an automatic relaxation of the tax payment requirement, or an automatic prejudice to a taxing district. Rather, the court finds that the equitable considerations of Olde Lafayette can apply to deflect concerns of disruption to tax revenues during and for the appeal period. In other words, the alleged risk to the municipal fisc does not per se control the relaxation of the tax payment requirement analysis. Thus, here, plaintiff's 18-day delay in paying the 2021 second quarter tax (June 24, 2021, date of the CBJ appeal to this court and July 12, 2021, date of payment of the second quarter 2021 tax with interest), cannot be viewed as prejudicial to the Borough on grounds of loss or disruption of tax revenues to warrant non-application of the relaxation permitted by N.J.S.A. 54:51A-2(b).

11

**CONCLUSION**

For the aforementioned reasons the court finds that (1) the automatic stay does not prevent this court from deciding the Borough's motion to dismiss the complaint; and (2) the dismissal motion is denied because the court finds it is appropriate to relax the tax payment requirement of N.J.S.A. 54:51A-1(b).

Very Truly Yours,

___/s/ Mala Sundar_____
Hon. Mala Sundar, P.J.T.C.