Complainants sue to foreclose a mortgage given to secure bond to pay $17,000 in three years, which have not yet expired. The bond provides for acceleration of maturity for default in payment of interest or taxes. The issue is as to whether or not complainant has proved such default.
The provision of the bond is that if —
"any tax * * * be hereafter imposed * * * [upon the mortgaged premises] * * * and become due and payable * * * and remain unpaid and in arrears for the space of sixty days,"
then the principal sum shall become immediately due and payable.
The facts are not in dispute. Taxes for the year 1928 were imposed on the mortgaged premises. The first half of such tax was paid on, and not until, July 16th, 1928. Complainants contend that this first half of the tax was in arrears from and after April 1st, 1928, and, hence, remained in arrears for more than sixty days. Defendants contend that it did not become in arrears until after June 1st, 1928, and, hence, that the default or delay in payment was for only forty-five days, and that the complainants had no right to accelerate the maturity of the principal of the bond.
The act for the assessment and collection of taxes (P.L. 1918ch. 236 § 602, as amended by P.L. 1920 ch. 224) provides:
"602. Taxes, except the poll tax, shall be payable one-half of the amount thereof on the first day of April, which if not paid on or before the first day of June will become delinquent on that date, and the taxpayer or property assessed will be subject to the penalties hereinafter prescribed. The remaining half of said taxes shall be paid on or before the first day of December, after which date, if unpaid, they shall become delinquent and the taxpayer or property subject to the same penalties." *Page 427 
It will be observed that although this section says the first half of the taxes shall be "payable" on April 1st, it is not delinquent until June 1st. The penalty of interest for non-payment is imposed only for failure to pay on or before June 1st — see section 603. There is no provision in the statute which gives the municipality any right to insist on the payment before June 1st, or which imposes any penalty for failure to pay on or before June 1st. Just what is meant by the provision that it shall be "payable" on April 1st is not entirely clear; but it does seem clear from the foregoing considerations that the tax cannot be deemed to become due until June 1st, and that it cannot be deemed to become in arrears until after June 1st.
According to ordinary usage and meaning, a debt or other obligation is "due" at the time when the creditor has the right to demand payment and to enforce collection if not paid — until that time it is not "due." Interest is the legal penalty for failure to pay when due; it runs only from and after the due date. The words "delinquent" (in the statute) and "in arrears" (in the bond) are substantially synonymous. A tax becomes "delinquent" or "in arrears" if not paid until after the date on which payment is due — the period during which it is in arrears is to be computed from such due date.
The tax in question did not become "due" until June 1st; being paid on July 16th, it did not remain "in arrears" for sixty days. Complainants therefore had no right under the provisions of the bond to accelerate the maturity of the principal sum, and their attempt in that behalf is without effect. No other default is alleged or proven. The principal sum being not yet due under the terms of the bond, the bill to foreclose the mortgage must be dismissed, with costs. *Page 428