LARIO, J. T. C.
This is a motion on the filed papers for the entry of an order that interest at 5% is due and payable to plaintiff on its tax refund which resulted from a judgment entered by this court.
At issue is whether a taxpayer is entitled to interest on a refund resulting from a judgment decreasing its real estate *264 assessment where the judgment was entered pursuant to a written stipulation of settlement which is silent as to payment of interest.
The facts have not been disputed. Plaintiff’s real estate was originally assessed by Ventnor for the tax year 1980 at:
Land $1,000,000
Improvements 2,200,000
Total $3,200,000
Upon plaintiff’s appeal to the Atlantic County Board of Taxation these assessments were affirmed.
Plaintiff then appealed to this court where the matter was subsequently settled by written stipulation of settlement. Based thereon a judgment was issued by this court reducing the assessment to:
Land $1,000,000
Improvements 1,250,000
Total $2,250,000
The reduction in assessment was $950,000.
The written stipulation of settlement filed by' the parties is silent as to refund of taxes and payment of interest.
Ventnor paid the entire tax refund to plaintiff. Plaintiff made a demand for interest on the amount refunded at 5% a year from the date of payment of the taxes to the date of payment of the refund. Defendant refused, denying that plaintiff was entitled to any interest, whereby plaintiff filed this motion.
Both parties agree that pursuant to well-established case law in the State of New Jersey, prejudgment interest can only be recovered if an express provision therefor is made by statute. 713 Co. v. Jersey City, 94 N.J.Super. 210, 214, 227 A.2d 530 (Law Div.1967). Plaintiff maintains that N.J.S.A. 54:3-27.2 so provides and mandates interest on its refund. N.J.S.A. 54:3-27.2 states
In the event that a taxpayer is successful in an appeal from an assessment on real property, the respective taxing district shall refund any excess taxes paid, together with interest thereon from the date of payment at a rate of 5% per annum, within 60 days of the date of final judgment.
*265 Defendant denies plaintiffs interpretation, claiming that the statute
... expressly makes reference to interest of 5% being mandated only where the taxpayer is successful in an appeal from an assessment on real property. In the present matter, the taxpayer rather than being successful in an appeal is requesting that interest be granted following the entry of the Stipulation of Settlement.
This issue then narrows to whether a taxpayer who receives a judgment based upon a written stipulation of settlement reducing the assessment on his real property is “successful in an appeal.”
N.J.S.A. 54:3-27.2, supra, as presently written, was not adopted until January 31, 1978 and there are no reported decisions directly on the issue presented.
In 9W Contractors, Inc. v. Englewood Cliffs, 1 N.J. Tax 465 (Tax Ct. 1980), Judge Evers fully detailed the history and purposes of our several statutes bearing on the subject of interest on refunds due by reason of excess tax payments, and he discussed our pertinent court decisions interpreting same.[1]
As pointed out in 9W, prior to 1968 no interest was payable by a taxing district on any refund resulting from a local property tax appeal. This result was based upon the reasoning that since the statute in effect as of that date[2] required a taxpayer to pay no more than the portion of taxes in dispute, any excess payment was deemed to be voluntary. See, also, Hahne Realty Corp. v. Newark, 119 N.J.L. 12, 16, 194 A. 191 (E. & A. 1937).
Statutory authority for the payment to taxpayer of prejudgment interest on excess payments was first granted in 1968. L. 1968 c. 365 (codified at N.J.S.A. 54:2-41.5). This act permitted a taxing district to apply for an order requiring an appealing taxpayer to pay not less than 75% of its original assessment; *266 however, where granted, the Legislature provided: “Such payment shall be subject to a refund of any excess taxes paid together with interest thereon at a rate equal to the rate charged by the taxing district on delinquent taxes.” This act was repealed, L.1975 c. 361, § 3,[3] and N.J.S.A. 54:3-27 was amended to require a taxpayer appealing to the county board of taxation to pay no less than 90% of the taxes assessed even though his petition of appeal might request a reduction in excess of 10% thereof. L.1975 c. 361, § 1. Simultaneously, the Legislature passed the following prejudgment interest provision:'
In the event that a taxpayer is successful in an appeal from an assessment on real property, the respective taxing district shall refund any excess taxes paid, together with interest thereon from the date of the payment at a rate of 8% per annum, within 50 days of the date of judgment. [L.1975, c. 361, § 2, codified at N.J.S.A. 54:3-27.2]
N.J.S.A. 54:3-27 was again amended and supplemented in 1977 to provide that an appellant shall pay the first three quarters’ taxes in prosecuting an appeal. L.1977, c. 357, § 1. N.J.S.A. 54:2-39 was simultaneously amended to provide for payment of all taxes for the tax year in prosecuting an appeal before the Division of Tax Appeals. L.1977, c. 357, § 2. N.J. S.A. 54:3-27.2, supra, was amended to decrease the interest rate from 8% to 5% and increase the time for repayment from 50 days to 60 days. L.1977, c. 357, § 3.
The legislative purpose in enacting the various acts discussed above since 1968 follows a definite pattern by providing for the payment of interest on any tax refund where the initial payment was made by reason of an order or statute. Initially, it granted a taxing district the right to apply for an order for payment of 75% of the taxes due, until finally it required 100% payment. In each of the acts, since payment of a certain portion of the tax was mandatory, provision was made for the payment of interest on any refund of excess payment. L.1968, c. 365, which was the first act to grant a taxpayer interest on excess tax payments, made no specific requirement that a tax *267 payer be “successful in an appeal.” It merely provided: “Such payment shall be subject to a refund of any excess taxes paid together with interest.” This clearly required the payment of interest upon a refund regardless of the manner the final reduced assessment was obtained.
In the two subsequent amendments to N.J.S.A. 54:3-27.2 the description of a taxpayer as “successful in an appeal” is identical. L.1975, c. 361 § 2; L.1977, c. 357 § 3. The Senate Revenue Finance and Appropriations Committee Statement attached to Assembly Bill 2147, the original bill which became L.1977, c. 357, supra, includes the following:
The purpose of this bill is to require the payment of the first three quarters of property tax by a taxpayer who files an appeal with the county board of taxation, to require full payment of current year property taxes upon appeal to the Division of Tax Appeals, and to provide for the payment of interest at a rate of 5% instead of 8% per annum on any refund of excess taxes paid as indicated in the final judgment.
The intention as clearly stated in the above-quoted Senate Committee Statement is to provide for the payment of interest on any refund of excess taxes paid as indicated in the final judgment, and it is equally clear that “successful in an appeal” as used in the above amendment to N.J.S.A. 54:3-27.2 means any taxpayer who has filed an appeal, paid the full amount of taxes as required by the act and received a favorable result whereby his original assessment was reduced. Nowhere therein can it be reasonably inferred that the Legislature intended to distinguish between a judgment based on a settlement and one based upon a full trial.
In this case plaintiff was required to pay the full amount of the taxes due as originally assessed before it could appeal. After appeal to this court a final judgment was entered which resulted in a reduction to plaintiff’s assessment, entitling it to a refund. A taxpayer is certainly not unsuccessful in its appeal if it ultimately produces a favorable result, even if a settlement agreement establishes the final result. The Appellate Division recently reached an analogous result in holding that “a judgment based upon a stipulation of settlement approved by the parties and in accordance with Tax Court practice is a judgment *268 on the merits for the purposes of the Freeze Act.” South Plainfield v. Kentile Floors, Inc., 186 N.J.Super. 399,453 A.2d 182 (App.Div.1982), cert. granted 91 N.J. 182, 450 A.2d 521 (1982). In this matter the stipulation of settlement upon which the judgment was based was consented to by both parties and approved by this court, entitling plaintiff to a refund. Since plaintiff is entitled to a refund it is successful in its appeal.
Where, as in the present case, the settlement agreement is silent as to the payment of interest and a final judgment has been entered reducing the original assessment, the provisions of N.J.S.A. 54:3-27.2 apply, entitling the plaintiff to interest. Plaintiff’s motion for interest at 5% a year on its tax refund from the date payment was due and paid is granted.

 9W involved refunds due from judgments resulting from fully litigated trials and the assessments challenged were for tax years prior to the effective date of the act in dispute.

 L.1918 c. 236, § 703, as amended by L. 1938 c. 151, § 1 (codified at N.J.S.A. 54:3-27)

Adopted March 3, 1976, effective January 1, 1977.