RIMM, J.T.C.
This local property tax matter involves the right of a municipality to receive interest on taxes due as a result of a judgment of this court increasing a local property tax assessment.
The subject property is Block 31, Lot 6. For the tax year 1978 the total assessment was $949,000. The city filed an appeal from the assessment to the Atlantic County Board of Taxation, and the board sustained the assessment. The city then filed an appeal to the Division of Tax Appeals, and the matter was transferred to the Tax Court by operation of law. N.J.S.A. 2A:3A 26. In the Tax Court the matter was settled, a stipulation of settlement was filed with the clerk’s office, and on September 21,1981 a judgment was entered increasing the total assessment to $1,100,00o.[1] On September 20, 1982, the taxpayer tendered the sum of $10,766.30, representing the increase in taxes based on the increase in the assessment, plus $1,787.93, representing interest at the statutory rate from September 21, 1981 to September 20, 1982, for a total of $12,554.23. This sum was tendered as full payment for all taxes and interest due and owing to the city on the subject premises for the year 1978. The city accepted the tender as partial payment only, claiming that interest was due from 1978 to the date of payment of the taxes. The city further threatened to sell the property for unpaid taxes if the additional interest were not paid in full. The taxes on the original assessment of $949,000 had been paid when due.
As a result of the city’s claim, the taxpayer filed a motion with the court seeking an order determining that it had paid the city the full amount of taxes and interest due in accordance with the Tax Court judgment of September 21, 1981 increasing the assessment.
*140 The taxpayer’s position is that the city can only recover prejudgment interest if there is an “express statutory provision” for such recovery. The city argues that “the assessment of interest on delinquent taxes should be from the date taxes should have been paid, not from the date of judgment,” relying on N.J.S.A. 54:4-66 and 67, and claiming such taxes were due in 1978.
The taxpayer errs in its claim that prejudgment interest is only a creature of statute, and its reliance on Waterview v. Ventnor City, 4 N.J.Tax 262 (Tax Ct.1982), for that proposition is misplaced. For example, R. 4:42-ll(b) expressly provides for prejudgment interest in tort. R. 4:58-2 provides for prejudgment interest in all actions under the circumstances set forth in the rule. In a case in which such interest was not allowed, the Supreme Court said that prejudgment interest, however, may run on liquidated claims in accordance with equitable principles. See Bak-A-Lum Corp. v. Alcoa Building Prod., 69 N.J. 123, 131, 351 A.2d 349 (1976).
Waterview does stand for the proposition that the determination to award interest or not in local property tax matters is based on statute. But see 713 Co. v. Jersey City, 94 N.J.Super. 210, 227 A.2d 530 (Law Div.1967). The issue of the award of prejudgment interest as such is not before the court. Even the city, by its reliance on N.J.S.A. 54:4-66 and 67 in support of its position, concedes as much. The issue is one of interpretation of the statute providing for interest on delinquent taxes.
Both parties rely on Waterview in support of their respective positions. That case dealt with the right of a taxpayer to obtain interest from a municipality on a refund due as the result of the successful prosecution of an appeal before this court. The result was based on the provisions of N.J.S.A. 54:3-27.2 specifically providing for the payment of interest on a refund due “in the event a taxpayer is successful in an appeal from an assessment on real property.” The case is not dispositive of the issue presently before the court.
The city also relies on East Orange v. Palmer, 52 N.J. 329, 245 A.2d 327 (1968), in which the State and the New Jersey High *141 way Authority objected to so much of the judgment as imposed liability for interest on taxes. The taxing district in that matter also relied on N.J.S.A. 54:4-67 in support of its position that a municipality may fix the rate of interest for nonpayment of taxes. The Supreme Court, however, held that interest on unpaid taxes will not continue to accrue against property after the State’s acquisition of title where, under the circumstances of the case, the State was liable for taxes. The court said that the State’s property cannot be burdened with such interest unless the Legislature consents. Since the Legislature had not consented, no interest was due. The court reached the same result with regard to the Highway Authority, but for different reasons. The denial of interest to the taxing district from the Authority was based on “the reasonableness of the Authority’s resistance to the city’s demand, the essential governmental nature of the Authority, and its intimate relation to the State itself.”
From the result in Palmer the city argues that “were not the State Highway Authority a state governmental entity, the provisions of N.J.S.A. 54:4-67 would apply and interest would be chargeable.” The city, however, completely overlooks the question: from what date would interest be due? Palmer did not deal with a tax appeal, but only with the date taxes were due based on the acquisition of the property. East Orange v. Palmer, 47 N.J. 307, 220 A.2d 679 (1966). Therefore, the case cited by the city does not support its position.
Interest is not penal. It is compensation for the loss of the use of taxes, Jersey City v. Zink, 133 N.J.L. 437, 441, 442, 44 A.2d 825 (E. & A. 1945), cert. den. 326 U.S. 797, 66 S.Ct. 493, 90 L.Ed. 485 (1946), but the rate of interest is designed so that “it will not be worth the taxpayer’s while to make the municipality his involuntary banker. Thus interest serves to induce timely payment.” East Orange v. Palmer, 52 N.J. at 334, 245 A.2d 327 (1968). Here timely payment was concededly made by the taxpayer of taxes billed to it on the basis of the original assessment sustained by the county board of taxation. Prior to *142 the entry of the Tax Court judgment the only liability for taxes was that based on the original assessment. There was no other timely payment of taxes to be induced by the imposition of interest. Therefore, East Orange v. Palmer, 52 N.J. 329, 245 A.2d 327 (1968), supports the proposition that interest is not payable on taxes due as the result of a judgment increasing a local property tax assessment for the time prior to the entry of such a judgment increasing the tax liability of the taxpayer to the municipality.
The plain wording of N.J.S.A. 54:4-66 and 67 leads the court to the same conclusion. N.J.S.A. 54:4-66 provides that taxes shall be payable in four installments, on February 1, May 1, August 1 and November 1, after which dates, if unpaid, they shall become delinquent. Delinquent taxes are subject to interest. Of particular applicability to the question before the court is paragraph c of the statute, which provides in pertinent part as follows:
c. The dates hereinbefore provided for payment of the first and second installments of taxes being before the true amount of the tax will have been determined, the amount to be payable as each of the first two installments shall be one-quarter of the total tax finally levied against the same property or taxpayer for the preceding year, and the amount to be payable for the third and fourth installments shall be the full tax as levied for the current year, less the amount charged as the first and second installments; the amount thus found to be payable as the last two installments shall be divided equally for and as each installment. [N.J.S.A. 54:4-66 c; emphasis supplied]
Provisions for the collection of interest are set forth in N.J.S.A. 54:4-67. In pertinent part that statute provides as follows:
The governing body may ... fix the rate of interest to be charged for the nonpayment of taxes or assessments on or before the date when they would become delinquent, and may provide that no interest shall be charged if payment of any installment is made within the tenth calendar day following the date upon which the same became payable. The rate so fixed shall not exceed 8% per annum on the first $1,500.00 of the delinquency and 18% per annum on any amount in excess of $1,500.00, to be calculated from the date the tax was payable until the date of actual payment. [Emphasis supplied]
The only taxes due from the taxpayer in 1978 were the taxes “levied for the current year,” and those taxes were paid. Until the entry of the judgment on September 21,1981, no other taxes had been “levied,” no other taxes were due and no other taxes were delinquent.
*143 In NJ.S.A. 54:3-27.2 the Legislature specifically provided that “[i]n the event that a taxpayer is successful in an appeal from an assessment on real property the ... taxing district shall refund any excess taxes paid, together with interest thereon from the date of payment at a rate of 5% per annum.” (Emphasis supplied). The Legislature made no comparable provision that in the event that a taxing district is successful in an appeal from an assessment on real property, the taxpayer shall pay any excess taxes due, together with interest thereon from the year of the original assessment. Absent such a legislative determination, the position of the city cannot be sustained. If the Legislature had intended that interest was to be paid from the tax year when a subsequent judgment is entered increasing the assessment, it could have specifically provided for such payment of interest. In other words, the Legislature could have provided that whenever there is a judgment resulting in increased taxes, interest is due on those increased taxes from the tax year. No such provision appears in the statutes.
Belles v. East Amwell Tp., 2 N.J.Tax 103, 178 N.J.Super. 63, 427 A.2d 1144 (Tax Ct.1981), does not require a different result. That case dealt with the date on which taxes become a lien on the land on which they are assessed. “The statutory provision establishing the effective date on which property taxes become a lien is unequivocal. It was made the first day of the tax year in order to benefit municipalities.” [At 108, 178 N.J.Super. 63, 427 A.2d 1144]. The statutory provision is N.J.S.A. 54:5-6, which provides:
Taxes on lands shall be a lien on the land on which they are assessed on and after the first day of January of the year for which the taxes are assessed, and all interest, penalties, and costs of collection which thereafter fall due or accrue shall be added to and become a part of such lien. [Emphasis supplied]
Belles does not deal with the date payment of taxes is due. That date is fixed by statute. N.J.S.A. 54:4 66 and 67.
The city urges that N.J.S.A. 54:4-76 supports its position. It does not.
In this inquiry, it is not controlling that interest will be imposed against the local collector upon the sum he fails to remit to the county, N.J.S.A. 54:4-76; *144 Ross v. Walton, 63 N.J.L. 435, 44 A. 430 (Sup.Ct.1899), affirmed o.b., 67 N.J.L. 688, 52 A. 1132 (E. & A. 1902); Booth v. Parnell, 12 N.J.Misc. 413, 418, 172 A. 50 (Sup.Ct,1934), for again reason exists to induce municipal corporations to meet their obligations. [East Orange City v. Palmer, 52 N.J. 329, 334, 245 A.2d 327 (1968)]
The court concludes that, in the event of a judgment increasing a local property tax assessment, interest on the increased taxes due shall not accrue prior to the date of the judgment.[2] Prior to the entry of judgment, neither party can determine what, if any, additional taxes will be due. No interest can accrue until such a determination is made by the judgment. Etz v. Perlman, 103 N.J.Eq. 425, 143 A. 548 (Ch.1928), involving an interpretation of a statute prescribing tax payment dates, states:
According to ordinary usage and meaning, a debt or other obligation is “due” at the time when the creditor has the right to demand payment and to enforce collection if not paid — until that time it is not “due.” Interest is the legal penalty for failure to pay when due; it runs only from and after the due date.... A tax becomes "delinquent” or "in arrears” if not paid until after the date on which payment is due — the period during which it is in arrears is to be computed from such due date, [at 427, 143 A. 548]
Counsel for the defendant will prepare and submit an order in accordance with this opinion under R. 4:42-l(a) and (b).

The court concludes that there is no distinction between a judgment on the merits after trial and a judgment based on a stipulation of settlement approved by the parties in accordance with Tax Court practice. Waterview v. Ventnor City, 4 N.J.Tax 262 (Tax Ct.1982).

Specifically, interest shall not accrue from the payment dates in the tax year for which the original assessment was imposed. See N.J.S.A. 54:4-66.