LASSER, P.J.T.C.
Taxpayer, Texaco, Inc. seeks to set aside that portion of the final determination of tax liability of the Director of the Division of Taxation under the Corporation Business Tax Act for calendar *573 years 1973 through 1978, which imposes interest on a tax deficiency of $578,394 for the period after April 15, 1981, on the ground that taxpayer’s tax liability was fully satisfied by an overpayment of $2,348,606 on April 15,1981. Taxpayer and Director have filed cross motions for summary judgment and partial summary judgment, respectively.[1]
The facts are not in issue. The legal issue is whether taxpayer is entitled to have its April 15, 1981 overpayment credited against a deficiency assessment imposed for the years 1973-1978 to stop interest from running on the 1973-1978 deficiency assessment on April 15, 1981.
Taxpayer’s overpayment occurred with the filing of its 1980 corporation business tax return and payment of tax on April 15, 1981. Concurrently, Taxpayer filed a claim for refund for $2,348,-606 of the tax paid by reason of inclusion in adjusted entire net income and adjusted entire net worth of a capital gain realized by taxpayer in 1980 on the sale of its Belridge Oil Company stock.[2] Director denied the claim for refund and taxpayer filed a complaint in the Tax Court. On February 20, 1993, judgment was entered reflecting Director’s agreement that taxpayer was entitled to a refund of the 1980 corporation business tax overpayment in the amount of $2,348,606 (Belridge refund).
On October 17,1991, taxpayer settled certain federal income tax matters with the Internal Revenue Service resulting in additional payments due from taxpayer for the years 1973-1978. Taxpayer alleges that within the 90-day period allowed by N.J.S.A. 54:10A-13 and N.J.A.C. 18:7-11.8, taxpayer notified Director by letter dated December 20,1991 of the adjustments made by the Internal Revenue Service.
*574 Based on the Internal Revenue Service adjustments, on November 26,1992 Director determined that additional tax was due from taxpayer for the years 1973-1978 in the amount of $578,394 together with interest.
Taxpayer contends that Director’s assessments for the years 1973-1978 are erroneous and unlawful to the extent that they purport to assess interest after April 15,1981. Taxpayer contends that the correct deficiency assessment for the period 1973-1978 is $578,394 plus interest only to April 15, 1981.
On February 20, 1993, Director exercised her statutory discretion to credit the refund due to Taxpayer against outstanding 1973-1978 tax liabilities, including penalty and accrued interest, through February 20, 1993 rather than pay the refund to taxpayer. In following this procedure Director relies on N.J.S.A. 54:49-17 which provides:
Whenever any taxpayer shall be entitled to any refund of taxes or to the repayment of any deposit, or to both, under the provisions of any State tax law or of the State Tax Uniform Procedure Law, and at the same time the said taxpayer shall be indebted to the State for taxes, penalties, interest or fees imposed for the cost of collection under the provisions of any other State tax law or of the State Tax Uniform Procedure Law, the director may apply or cause to be applied the said refund or deposit, or both, or so much of either or both as shall be necessary, to the satisfaction of the said indebtedness, so due from the taxpayer to the State, before making or certifying such refund or repayment.
Director contends that she has the discretion under the statute to apply the 1981 overpayment against the 1973-1978 deficiency as of February 20, 1993, following entry of judgment on that date which entitled taxpayer to the Belridge refund.
The positions of the parties are as follows:
Taxpayer’s position Director’s position
N.J. tax owed on IRS adjustments 1973-1978 $578,394 $ 578,394
Interest through 4/15/81 @ %%/mo. (9%/year) 191,690
Interest through 02/20/93; @ 1 %%/mo. through 9/15/87 and thereafter @ 3 points above prime plus 1976 penalty of $6,559 . 1,526,737
Total due from taxpayer $770,084 $2,105,131

*575
I

N.J.S.A 54:49-17 permits Director to apply overpayments to amounts due to the State. The time set forth for this application of funds is when a taxpayer is “entitled to any refund of taxes” and “at the same time the said taxpayer shall be indebted to the State.” Director contends that neither the principle of “offset” nor “equitable recoupment” are applicable because in this case, the 1981 overpayment and 1973-1978 tax liability did not arise out of the same transaction, citing Pantasote, Inc. v. Taxation Div. Director, 8 N.J.Tax 160, 167 (Tax.1985); Superior Air Products Int’l, Inc. v. Taxation Div. Director, 9 N.J.Tax 463, 474-76 (Tax 1988), aff'd o.b., 10 N.J.Tax 238 (App.Div.1988). These cases involve equitable recoupment where timely filing of the refund claim was an issue and are therefore inapposite. N.J.S.A. 54:49-17 does permit an offset and, in this case, Director did offset the timely claimed refund against a pending tax liability.

II.

This is an unusual case. Taxpayer’s claim for refund was pending for 12 years. The delay in the resolution of the Belridge refund claim from April 1981 to February 1993 was due to litigation on the same issue in the case of Mobil Oil Carp., supra. The Mobil Oil case, also involving the corporation business tax on the sale of Belridge Oil Company stock, was tried, decided in favor of Mobil Oil, appealed by Director and affirmed by the Appellate Division on March 4, 1992. Director filed a petition for certification with the Supreme Court on March 25, 1992 which was disposed of by a stipulation of settlement and dismissal filed on September 4, 1992 after the United States Supreme Court decision in Allied-Signal, Inc., as Successor-in-interest to The Bendix Carp., v. Director, Division of Taxation, 504 U.S.-, 112 S.Ct. 2251, 119 L.Ed.2d 533 (1992).
Taxpayer’s refund case was held pending a final determination in Mobil Oil Corp. For 12 years, the State held the Belridge *576 refund monies with no obligation to pay interest to taxpayer. The State ultimately agreed to taxpayer’s claim for refund.
During the 12 year period following April 15, 1981, taxpayer owed $578,394 plus interest to the State while at the same time the State held $2,348,606 of taxpayer’s money. Taxpayer correctly contends that, prior to enactment of the taxpayer’s bill of rights (N.J.S.A. 54:49-15.1), effective January 1, 1994, there was no statutory authority for the Director to pay interest on a corporation business tax refund.
The issue thus is whether taxpayer is entitled to the Belridge refund on (1) April 15, 1981 when paid, or (2) on February 20, 1993, the date of judgment in favor of taxpayer? Taxpayer argues that the State should “be reimbursed only for the value of the money it did not have from the Taxpayer” during the time tax remained unpaid. It contends that it was “entitled” to the Belridge refund on April 15, 1981. Taxpayer, citing Atlantic City v. N.J. Economic Development Authority, 5 N.J.Tax 137, 141 (Tax 1983), aff'd, 6 N.J.Tax 344 (App.Div.1984), argues that interest is not penal, but is compensation for the loss of use of tax revenue and to induce timely payment.
Taxpayer also cites a non-tax case for the proposition that interest on a note ceased at the time damages on the claim of the debtor accrued in the debtor’s favor. Deerhurst Estates v. Meadow Homes, Inc., 64 N.J.Super. 134, 165 A.2d 543 (App.Div.1960), certif. denied, 34 N.J. 66, 167 A.2d 55 (1961). Taxpayer argues that it should not be prejudiced because it had to pursue an action in court to prove its entitlement to the refund. It asserts that the State should not be rewarded for compelling the taxpayer to litigate over a long period of time for its refluid. While it is true that taxpayer, during the period in question, was not entitled to interest on a refund, taxpayer is not claiming interest on the refund. Taxpayer is claiming that interest should not be charged *577 on an existing tax liability for a period during which the State held money to which it was entitled.
Director concedes that its authority under N.J.S.A. 54:49-17 is discretionary. Equitable principles and discretionary authority should be compatible. Under the facts of this case, it is difficult to justify holding money to which the taxpayer is entitled for a period of 12 years, while at the same time charging taxpayer interest, at high rates, on money owed to the State when payment is delayed by reason of a lengthy federal audit. Taxpayer’s open tax liability to the State and the State’s refund liability to Taxpayer both arose out of the same State Tax and ran concurrently, one accruing interest, the other without interest. Although the delayed resolution of the 1980 CBT refund litigation was not the result of any intentional inaction or bad faith by the Director, the impact of the 12 year delay upon this Taxpayer was inequitable. Director, in the reasonable exercise of her discretion, under the statute, should have applied the Belridge refund to amounts due to the State as of the date of the original payments of the 1980 corporation business tax.
This opinion is limited to the facts of this case involving the same State Tax, a timely filed refund claim, a deficiency tax assessment for prior years and a delay of 12 years during which the State held taxpayer’s funds without interest while the taxpayer was charged statutory interest on the deficiency throughout the same twelve year period. Plaintiffs motion is granted.
The case will proceed on the 1976 penalty issue and the interest rate differential issue.

 Taxpayer has withdrawn from its motion issues relating to a 1976 penalty and the applicable interest rate for the period ending April 15, 1981.

 See Mobil Oil Corp. v. Taxation Div. Director, 11 N.J.Tax 344 (Tax Ct.1990), aff'd o.b., 13 N.J.Tax 111 (App.Div.1992) for a related decision on the nontaxability of capital gain on the sale of Belridge Oil Company stock.