**NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS**

**TAX COURT OF NEW JERSEY**



**MARY SIOBHAN BRENNAN**
**JUDGE**

210 South Broad Street, Fifth Floor
Trenton, New Jersey 08608
609 815-2922, Ext. 54560
Fax: 609 815-3079

January 19, 2024

Rodman E. Honecker
Attorney for Plaintiff
WINDELS MARX LANE & MITTENDORF, LLP
120 Albany Street Plaza
New Brunswick, NJ 08901

William J. Maslo, Esq.,
Attorney for Defendant
Law Division
CITY OF JERSEY CITY
280 Grove Street
Jersey City, NJ 07302

Via ECourts

      RE:    **75 JERSEY CITY, L.L.C. V CITY OF JERSEY CITY**
            **Docket Nos.: 003415- 2022**

Dear Counsellors:

This letter opinion sets forth the court's findings of fact and conclusions of law on Plaintiff's R. 4:25-8 motion for an Order enforcing litigant's rights and compelling Jersey City to comply with the terms of a Stipulation of Settlement. R. 1:10-3. For the reasons explained below, the court grants Plaintiff's motion to compel payment of the 2022 tax refund as well as any interest accrued pursuant to N.J.S.A. 54:3-27.2 but denies Plaintiff's request for attorney's fees and costs related to the filing of this motion.






I.     Background and Procedural History

75 Jersey City, LLC ("Plaintiff") filed four direct tax appeals with the Tax Court of New Jersey (years 2019 to 2022) in connection with the assessment of real property it owns in Jersey City, more specifically identified as 75 Montgomery Street (Block 14301, Lot 7) ("the Property"). A 2023 tax appeal was filed with the Hudson County Board of Taxation for tax year 2023 and was not part of the Tax Court filings.

After a culmination of negotiations, on August 4, 2023, the parties filed a Stipulation of Settlement with the court in resolution of Plaintiff's pending 2019 through 2022 tax appeals. Plaintiff agreed to withdraw its appeals for tax years 2019 through 2021 and would receive a reduction in the assessment for the 2022 tax year.  The Stipulation of Settlement required payment within sixty (60) days of the date of Judgment. The Stipulation also addressed proposed relief for the 2023 and 2024 assessments.

On August 7, 2023, the Court entered Judgment in accordance with the parties' Stipulation of Settlement. Payment of the 2022 refund was due sixty (60) days thereafter, which was October 6, 2023.  Jersey City issued the agreed-upon refund for the 2023 tax year (totaling $53,069.65) and applied the tax refund for 2024 in the form of a quarterly adjustment.  However, Plaintiffs refund for the 2022 tax year (approximately $53,069.65) to date has not been paid.

Plaintiff filed this motion, pursuant to R. 1.10-3, in aid of litigant's rights to enforce the settlement agreement and to compel Jersey City to issue the 2022 tax refund.  Plaintiff also requests accrued interest and reasonable attorney fees.

The motion is unopposed.

II.     <u>Legal Analysis</u>

The issue presented to this court is whether Jersey City is in breach of the terms of the Stipulation of Settlement, and whether Jersey City owes Plaintiff statutory interest on the 2022 tax refund, as well as attorney fees and costs for the filing of the motion.

Plaintiff requests the court grant three items in its motion: (1) to compel payment of the refund due for the 2022 tax year; (2) for Plaintiff to receive accrued and unpaid interest on the 2022 refund pursuant to <u>N.J.S.A.</u> 54:3-27.2, with interest accruing for the period beginning October 6, 2023 up until the refund is received; and (3) for Plaintiff to receive an award of reasonable attorney fees and costs for having to make this motion to the court.

*Compel Compliance of Parties' Stipulation of Settlement*

The fully executed Stipulation of Settlement was filed with the court on August 7, 2023, and is legally binding on both parties. That document provides for a reduction in Plaintiff's tax assessment for 2022 tax year, resulting in a tax refund to be paid to Plaintiff against past tax payments. The manner of payment for those refunds is referred to in paragraph 4 of the Stipulation of Settlement.

Paragraph 4 provides:

> All refunds as a result of the settlement set forth herein shall be payable to and forwarded to '75 Jersey City, L.L.C.' within sixty (60) days of the date of Judgment.

As the 2022 tax refund was not received within the sixty (60) day period set forth in the Stipulation of Settlement, Plaintiff is entitled to, and the court will issue, an Order compelling payment of the 2022 tax refund.

3

*Accrued and Unpaid Interests Pursuant to N.J.S.A. 54:3-27.2*

Plaintiff argues Jersey City's failure to pay the agreed 2022 refund results in the implementation of N.J.S.A. 54:3-27.2, which requires 5% accrued interest on tax refunds not issued sixty (60) days from the day of Judgment. The pertinent part of the statute is as follows:

> In the event that a taxpayer is successful in an appeal from an assessment on real property, the respective taxing district shall refund any excess taxes paid, together with interest thereon from the date of payment at a rate of five percent per annum or one percentage point above the prime rate assessed for each month or fraction thereof, compounded annually at the end of each year, from the date the tax originally was due or paid, whichever date is later, until the date of actual payment, whichever interest rate is lesser…"

[N.J.S.A. 54:3-27.2]

Although the Stipulation of Settlement is silent on the application of the statute, the Tax Court has held that N.J.S.A. 54:3-27.2 applies to any taxpayer who "is successful in an appeal from an assessment on real property," including "cases which have been settled." Waterview Village-Community Realty Mgt v. Ventnor City, 4 N.J. Tax 262, 267 (Tax 1982). The Tax Court has referred to N.J.S.A. 54:3-27.2 as the "default rule" which applies whether or not a stipulation of settlement makes direct reference to the statute. Dickerson v. Town, 31 N.J. Tax 541, 559 (Tax 2020). Parties, however, may agree to waive the default statutory interest through the language of their stipulation of settlement. Id.

Since the parties' Stipulation of Settlement does not expressly waive statutory interest, the default rule applies, and Plaintiff is entitled to accrued and unpaid interest pursuant to N.J.S.A. 54:3-27.2.

*Attorney Fees and Costs*

Plaintiff also seeks to recover reasonable attorney's fees in connection with the filing of this motion. The court is unpersuaded that Jersey City's actions rise to a level to permit reasonable attorney fees to be paid to Plaintiff.

Rule 1:10-3 provides for a mechanism for relief when a litigant's preexisting court-ordered rights have been violated. N. Jersey Media Grp. Inc. v. State, 451 N.J. Super. 282, 296, (App. Div. 2017). It permits the "court in its discretion make an allowance for counsel fees to be paid by any party to the action to a party accorded relief under this rule." R. 1:10-3. The Appellate Division has found that such relief "is not for the purpose of punishment, but is a coercive measure to facilitate the enforcement of the court order." Ridley v. Dennison, 298 N.J. Super. 373, 381, (App. Div. 1997). The particular manner in which compliance may be sought is "left to the court's sound discretion." Id.

Plaintiff admits that Jersey City has paid the 2023 tax refund of $53,069.65, as well as the 2024 tax refund in the form of a tax credit. Unlike the situation where a municipality did not issue any tax refund and yet sought to vacate the court's judgment via motion, here Defendant has already issued the majority of the tax refunds according to the agreement between the parties with only the 2022 tax refund to be forthcoming. Jersey City is not seeking to vacate the Stipulation of Settlement, and it has not opposed this motion. Given Jersey City's partial compliance with its negotiated settlement with Plaintiff, through issuance of the 2023 and 2024 tax refunds, the court finds attorney's fees are not needed to facilitate enforcement of the 2022 Judgment.

III.    Conclusion

The court grants Plaintiff's motion in part and denies in part. The court grants Plaintiff's motion to compel Jersey City to pay the refund due to Plaintiff for the 2022 tax year, and to pay Plaintiff

the entitled statutory interest pursuant to <u>N.J.S.A.</u> 54:3-27.2 with interest accruing from the period October 6, 2023, until the date of payment. The court, however, denies attorney fees and related costs associates with this motion.

/s/ Mary Siobhan Brennan

Hon. Mary Siobhan Brennan, J.T.C.